## TIDD AND A. v. QUINN.

Under the homestead act of 1851, the right of the wife, during the life of her husband, to a homestead which has been set off or assigned, is not such an interest or estate in the land as can be set up as a defence to an action of trespass *quare clausum fregit*, in favor of a creditor of the husband who had levied his execution upon the land.

Under the law of 1868, the wife may, in certain cases, have a homestead set off and assigned during the life of the husband. But until it is thus assigned, her right of homestead does not constitute a vested estate or

interest in such land, nor such an estate as can be assigned or set up as a defence to a writ of entry, or an action of trespass *quare clausum fregit* in favor of such creditor.

And even though the value of the whole real estate in which the homestead is claimed is less than five hundred dollars, it does not change the result. The only way the value of the premises as a homestead can be ascertained, is upon a proceeding, in some of the ways provided by law, to have the homestead set out and assigned.

Whether a set-off of real estate, upon an execution against the husband, is or is not such a conveyance of the land by the husband as is contemplated by section 36 of chapter 1 of the laws of 1868—*quære.*

This action was brought by Sylvester J. Tidd and wife against Carlos Quinn, and was trespass *quare clausum fregit,* and for removing divers timbers and boards from a barn thereon, and other injuries to it. The *locus in quo* is in Keene. The cause was tried on the general issue by the court by the agreement of the parties. The title of the plaintiffs was by virtue of the extent of an execution in their favor against one Cyrus Hurd, completed January 10, 1870, and return made April term, 1870, the land being appraised and set off at $339. The entry and other acts complained of took place soon after the extent, in the course of that winter, the defendant claiming that he entered and did the acts complained of as the servant of said Hurd's wife, who claimed the entire property as a homestead ; and what was done in the barn was for the purpose of fitting up a room there for her to live in, which she did afterwards occupy a few months. It appeared that the property was owned by Mr. Hurd previous to the extent, and that the house on it in which he had lived was burned in the spring of 1869 ; and some time before that, she had left her husband and gone to Illinois, where she stayed with her daughter, and has never since lived with her husband, though he is still living. When the house was burned, the husband moved a few things he had saved from the fire into this barn, and lived there a few days, when, being arrested and convicted of burning this house, he broke jail and absconded, and has not since returned to Keene. The wife remained out West until the winter of 1869–70, when she returned to Keene, fitted up the room in the barn as aforesaid, stayed a few months, and then went West to her daughter's again, and has not since returned.

I find, however, that she did intend to return and occupy this property under a license from her son, in whom she supposed the title was, but was mistaken. Neither her husband nor herself had any other homestead in this State. When the land was set off on the plaintiff's execution, there was no application from any one to set out a homestead, and none was set out. There was no evidence of the value of the property except what was furnished by the extent, and I find it to have been worth not over $500. No assignment of a homestead has since been made, nor has the wife made any application for it. I find,

therefore, that the wife has no interest in this property that can be set up as a defence to this suit, and that the defendant is guilty in manner and form as is alleged. The defendant excepts to this finding, on the ground that the wife has a homestead right in this property, which is a good defence to this suit.

The questions of law were reserved for the whole court.

*Wheeler & Faulkner*, for the plaintiffs.

*Lane & Healey*, for the defendant.

SARGENT, C. J. In *Norris* v. *Moulton*, 34 N. H. 397, it is held that the right of homestead, like that of dower before it is assigned and set off in severalty, is inchoate, and while it thus remains unassigned, no estate can be said technically to vest in the wife, but, as in the case of dower, she has an inchoate homestead in the whole estate to the extent of such proportion as $500 bears to the value of the whole; that when it is assigned and set off to her, that vests in her a conditional estate for life;—and it was also held that the judge of probate might assign to the widow such homestead, by virtue of the general provisions in the probate law.

So, in *Atkinson* v. *Atkinson*, 37 N. H. 436, the right of the wife is termed the inchoate right of homestead as it existed in the husband and wife during his life, and in his widow and minor children, if any, after his decease; and in *Fletcher* v. *State Capital Bank*, 37 N. H. 391, 395, it is held that the wife's right of homestead may be set off to the wife after the husband's death, by the judge of probate, as in *Norris* v. *Moulton, supra*, and that the homestead right stands substantially upon the same footing as the right of dower.

In *Horn* v. *Tufts*, 39 N. H. 484, it was held that the probate court had jurisdiction to assign homestead to a widow only in the estate of which her husband died seized, and also where there was no dispute about the title; while it seems to be held (p. 485) that the supreme court may also, upon the death of the husband, upon a bill in equity, assign homestead to the widow, in cases where the title is in dispute, and would also have a concurrent jurisdiction with the court of probate in other cases.   See, also, *Atkinson* v. *Atkinson*, 37 N. H. 434, and *Gunnison* v. *Twitchel*, 38 N. H. 62; *Strachn* v. *Foss*, 42 N. H. 43.

The right of homestead, before the same is set out and assigned, is not such an estate in land, such a subsisting legal title or interest, as will bar a writ of entry, but only an inchoate right, personal to the parties in whom it exists; and its existence in a particular individual gives him or her no controlling title to the land as against the general owner, any more than the possible existence of a right of dower in a wife before the death of her husband gives her such title; and before being thus set out is not a right that can be assigned. *Foss* v. *Strachn*, 42 N. H. 40; *Gunnison* v. *Twitchel*, 38 N. H. 62; *Bennett* v. *Cutler*, 44 N. H. 71; *Judge of Probate* v. *Simonds*, 46 N. H. 368; *Barney* v. *Leeds*, 51 N. H. 253.

So Mr. Washburn says that in New Hampshire a homestead right is not an estate ; it is inchoate ; not assignable or transferable, as something of ascertained value, by the one in whom it vests, until the same shall have been separated and set apart from the general estate out of which it issues.  1 Washb. Real Prop. 350 ; *Davis* v. *Andrews,* 30 Vt. 681 ; *Howe* v. *Adams,* 28 Vt. 544 ; *Meader* v. *Place,* 43 N. H. 307.

So the words used in our statute, giving to wives or widows this right of homestead, are the same as those used in giving rights of dower—Gen. Stats., ch. 124, sec. 1—the wife, widow, &c., " shall be entitled" to a homestead, &c.; so ch. 183, sec. 2,—the widow, &c., " shall be entitled" to her dower, &c.

Our opinion is, that the wife has not lost her right of homestead in this case, although she has been much of the time absent.  *Atkinson* v. *Atkinson,* 37 N. H. 435, and S. C. 40 N. H. 249 ; *Austin* v. *Stanley,* 46 N. H. 52.  But her right until the homestead is assigned is imperfect, inchoate, and much like a right of dower, and cannot be set up as a bar to a writ of entry, or an action of trespass *quare clausum.*

Under the General Statutes, chapter 124, section 1, as amended June, 1868, ch. 1, sec. 33, the wife, widow, and children of every person who is the owner of a homestead, &c., occupied by himself or herself, and his or her family, " shall be entitled" to a homestead, &c., as against the creditors, grantees, and heirs of such person ; and section 4, chapter 124, General Statutes, as amended June, 1868, ch. 1, sec. 36, provides that the judge of probate, on petition after the death of such person, or any conveyance by him or her made, may cause such homestead to be set off, in the same manner as dower may be assigned by him.

Under this provision of the law the wife would seem to have the right to have a homestead assigned during the life of the husband in lands which he has conveyed, and in which conveyance the wife has not joined ; but we suppose that would only be in case the debtor had no other homestead for his wife and family.  Neither the husband nor wife in this case loses the right of dower by not making their application to have it assigned when the estate was set off on execution— *Barney* v. *Leeds,* 51 N. H. 253 ; and although the husband is still living, yet if the set-off on execution in this case, which is a kind of statute conveyance, is to be regarded as a conveyance by the husband within the meaning of this section 36 of the law of June, 1868, chapter 1, then the judge of probate might assign to the wife, in this case, a homestead.  But however that may be—and upon that subject we express no opinion—no such thing has been done or attempted ; no application has been made to the judge of probate or the supreme court to have her homestead assigned in these premises.

And we think that under the law of 1851, and also under that of 1868, the wife cannot be considered,—at least while her husband lives,—as having any vested estate in the premises until her homestead has been assigned to her ; till then she has merely an imperfect an inchoate right, which is not assignable, and is not a vested estate ;

and, until her homestead is assigned, we think she has no such estate as can be set up to defeat this action of trespass.

But it is said that the whole real estate in this case is not worth $500, and that is found to be so by the court. But the findings in this case might not be conclusive in a proceeding by the wife to have her homestead assigned to her out of these premises; and we think the only way to settle that fact is upon such application to have homestead assigned in some of the ways provided by law, for that is the only appraisal recognized by the statute. And when thus assigned to her, her inchoate and imperfect right, which till then constitutes no vested estate in or legal title to the premises, and is not assignable, becomes a vested and perfect conditional estate for life in the wife or widow, which could then, and not till then, be set up as a defence to a writ of entry, or an action of trespass *quare clausum fregit.*

The damages were assessed by the judge who tried the cause at fifteen dollars, and for that sum there must be

*Judgment for the plaintiff.*