GARDNER J. HOWE *v.* JOHN Q. ADAMS,

*Homestead. Effect of a conveyance of it by the husband alone.*

The owner of a homestead, having a wife, may convey it by his own deed, without his wife's joining in it, so as to vest in the grantee a superior title to that of a subsequently attaching and levying creditor upon a demand which accrued before the first of December, 1850, and as to whose claim the homestead was not exempted from attachment.

EJECTMENT to recover the possession of certain lands in Andover. Plea, the general issue; trial by jury, May Term, 1855,— UNDERWOOD, J., presiding.

The premises in question were owned by John Adams, who was indebted to the plaintiff upon a promissory note given previous to the 1st of December, 1850. They constituted his homestead, and consisted of the house which he and his wife occupied in February, 1851, and of the land adjoining. John Adams conveyed certain land, including the premises in question, to Warren Adams, on the 10th of February, 1851, by a deed executed by himself alone, and in which his wife did not join. On the 12th of the same Febru-

ary the plaintiff attached the premises upon a writ issued upon the above mentioned note, upon which he subsequently obtained a judgment, and took out an execution, upon which he procured the said John Adams' homestead to be set out, and then levied the execution upon a portion of the homestead premises, which was set off by metes and bounds. This levy was made October 14th, 1851 ; and on the 15th of the following December, the same premises deeded by John Adams alone, on the 10th of February before, were conveyed to Warren Adams by the joint deed of the said John Adams and his wife, and the said Warren Adams afterwards on the 14th of April, 1853, conveyed the premises to the defendant, who entered and was in possession of them at the commencement of the plaintiff's suit.

Upon the evidence showing the above state of facts, the county court, *pro forma,* instructed the jury that the premises were subject to the plaintiff's attachment, and that by it, and the subsequent levy, the plaintiff obtained a valid title to them, and was entitled to recover. Exceptions by the defendant.

*S. Fullam* and *H. E. Stoughton* for the defendant.

*R. Washburn* and *Washburn & Marsh* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. It is obvious from the general object and purpose of the homstead law, as well as from its specific provisions, that it was not intended to affect the essential rights of two classes of creditors ; 1st. Those prior to the act coming in force ; 2d. Those prior to the purchase of the particular homestead in question.

Hence the act contains no provision, applicable to those creditors whose rights are superior to the homestead interest. That class of creditors, it is supposed, will levy upon the land without regard to this interest the same as before the act was passed. But those who desire to levy upon the real estate of the debtor, subject to the homestead, are provided with a process for ascertaining that interest in such portion of the premises as the debtor shall elect. And no provision is made for setting out the homestead, in any other case, or unless the debtor shall elect to have it set out,

It must be obvious then, that the plaintiff's case is strictly *casus omissus*, and unless we accommodate the provisions of the act, so as to meet a case of this kind, it is apparent the creditors in plaintiffs place, either cannot levy at all upon such interest, or else they must levy upon an undivided portion of the whole interest, in common. Courts often do accommodate the provisions of a statute to cases which they were obviously intended to cover, although not well suited to accomplish. But we should always hesitate to do, this in cases altogether one side of the general purpose of the statute.

And here it seems to us the plaintiff's case is of this character, It cannot fail to strike all minds alike, that it never could have been the purpose, or among the purposes of this homestead law, to prevent the operation of the debtors conveyance upon the homestead interest, so that it could remain to enable prior creditors to levy upon it. If that had been designed or contemplated as a possible contingency, there would doubtless have been some provision applicable to such a case. It was no doubt intended that the debtor's conveyance should operate, as to prior creditors, the same it did before, that is, pass the estate. But they have not, in terms, so provided. But we are inclined to think that, as to creditors whose rights are superior to the homestead interest, the act should be so construed, and the limitation upon the conveyance only extended to those persons whose interests are liable to be affected by the exception in the statute, that is the wife and family, and creditors, whose interests are subordinate to the homestead interest,

At all events, if a residuum could be carried out by this kind of refinement, for the benefit of one never intended to have any such advantage, we do not feel that it is the duty of courts to invent a process by which such creditors may accomplish what the statute so obviously, never designed.

The creditors in such cases, if they could levy at all, must either levy upon an undivided interest in the homestead, or induce the legislature to make some provision, by which the homestead interest may be levied upon. We are so well satisfied that it was not the purpose of the legislature to create such an interest by the act, as could be levied upon separately, in a case like the present, that we could not feel justified in accomodating the present provisions of the act, to any such purpose.

The homestead law does not vest any title in the wife of the householder, as to the homestead. It is at most but a negative which she has upon the conveyance. The consent by deed is indispensable to the full effect of the conveyance. This must be by deed jointly with her husband. When that is obtained the conveyance becomes effectual from the first. It is much like a right of dower at common law, which the wife could only bar by joining in the conveyance in a prescribed form. But she had no existing title, and the conveyance of the husband was good as to every thing but the contingent right of the wife. And this right of dower she could not convey to any one but the grantee, unless she survived her husband, or until after his death. And if, subsequent to the deed of the husband, she joined in barring her dower, the deed of the husband thus become effectual, as from the beginning.

Now this homestead interest being an incumbrance upon the title for the purpose of effecting a particular object, the support and maintenance of the family in its home, whenever the purpose of the statute is effected in any other mode, as by the husband procuring another homestead, this incumbrance, or obstruction to the full operation of the former conveyance, ceases without any release of the wife. This shows very clearly that no other person ought to be allowed to assert this right of the wife, either in her behalf, or, as in the present case, for their own purposes. I take it to be too obvious to require argument, that one family cannot have more than one homestead at the same time. And that when a new homestead is obtained, the former one ceases. It is then a sort of lien, or mortgage upon the estate of the husband in favor of his wife, and nothing more ; and when another one is obtained, it operates as an extinguishment or release. Now it is well settled that an interest of this kind in land is not the subject of a levy, even in favor of the creditors of the mortgagor, or person in whose power the lien exists, much less of any other one. The reason is that it is not a fixed, definite estate in the land, capable of appraisal and separation to the creditor in the execution ; but is constantly liable to variation, and to be defeated altogether by matters not of record, or by deed, but resting altogether in oral evidence.

So in the present case, all the grantor had to do to render his deed of the 10th of February effectual, was to procure another

homestead. It then becomes effectual in spite of every one. But suppose he does this while the levy is progressing, or the day after the levy, is not the lien removed as effectually as if it were done the day before? It seems to me absurd to treat this mere lien of the wife as a definite estate which may be attached, or levied upon by the husband's creditors. It has been compared to her right of dower, at common law, but it is really inferior to that in one sense, inasmuch as it is not in the power of the husband to extinguish that right, while he may extinguish this at any moment, if he choose. And like the right of dower, at common law, this also becomes a fixed estate in the wife and family after the decease of the husband.

There is, too, one contingency in regard to the homestead interest, where it exists in gross after it is set out by a creditor levying upon the other portion of the estate. For if, after this, the husband do obtain another homestead, any of his creditors may doubtless levy upon his former homestead, not as a homestead, but as land belonging to the husband, by setting out another homestead, if the land is still connected.

The statute in regard to the homestead, requires that it should be occupied as such, or seems to require that, in order to its creation or, possibly, even continuance. And if so, it is not very obvious how this provision of the statute can be dispensed with. It seems very obviously not to have been the purpose of the legislature to give even a married man a homestead interest for the benefit of his wife and family, as against his creditors, unless he were a householder, and occupied it as a homestead, in the first instance. For the terms of the act are very specific, "occupied by such person as a homestead, and the yearly products thereof shall be exempt from attachment and execution." And how the interest can be continued without occupation some have questioned. If the debtor choose to board, or to reside in a hired house, or for any other reason, does not choose to occupy the homestead, and permanently breaks up his occupancy, it is supposed by some that the interest ceases. But I do not profess myself prepared to adopt this latter view at present; of the former views we entertain no doubt.

Judgment reversed and case remanded.