# COUNTY OF LAMOILLE,

AT THE

## AUGUST TERM, 1858.

---

PRESENT,

Hon. MILO L. BENNETT,
Hon. LUKE P. POLAND,    } ASSISTANT JUDGES.
Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT.

---

## O. W. DAVIS AND WIFE *v.* BENJAMIN F. ANDREWS.

### *Homestead.*

The owner of a homestead, having a wife, may convey it by his own deed, and pass the title thereto, during his life-time. After his death, and not before, the wife, if she survive him, may assert her right to it, provided it has not been lost by acquiring another homestead.

Davis and Wife *v.* Andrews.

Where the owner of a homestead, and his wife left it in October, 1856, and did not return there but resided elsewhere, having, at the time of leaving, leased it for five years from April following, the lessee however going into immediate possession: *Held*, that in January, 1857, it was not necessary that the wife should join in a deed with the husband to pass the title thereto.

EJECTMENT. The plaintiff, O. W. Davis, owned the land in question until the 5th day of January, 1857, when he and his wife, who was then, as well as at the commencement of this suit, a minor, joined in a deed thereof to the defendant. The plaintiffs occupied the premises in question up to October, 1856, when the husband leased them to one Putnam, for five years from the 1st of April following, and they removed to another dwelling, a mile and a half distant, and did not afterward personally occupy the premises so leased. The lease to Putnam contained a proviso, that if the lessor sold the premises within a year, he might terminate the lease at the end of the first year. From October, 1856, to April, 1857, Putnam occupied the premises, paying no rent or service, except that he was to take care of certain personal property left there by the plaintiff, consisting of a yoke of oxen, some hay, oats, some potatoes in the cellar of the house, and some poultry, which remained on the premises at the date of the plaintiff's deed to the defendant. The plaintiffs had removed their household furniture from the premises in question before they made the deed to the defendant. It appeared that the plaintiffs did not own the premises to which they removed in October, 1856, nor any other land which they occupied between that time and the commencement of this suit. When the plaintiffs sold to the defendant, it was agreed that the defendant should take the lease to Putnam, and be entitled to the first year's rent, if he could not agree with Putnam to quit possession at once, and the defendant did pay Putnam twenty-five dollars to give up the lease and immediate possession of the premises.

The county court,—ALDIS, J., presiding,—rendered judgment for the defendant. Exceptions by the plaintiffs.

*T. Gleed*, for the plaintiffs.

1. The plaintiffs were the actual and legal occupants of the premises in January, 1857. Putnam was a mere servant or agent of Davis, until April, 1857, as the lease did not take effect until

that time. . Davis had the entire beneficial interest in the premises, was wintering his stock there, and had hay, oats, potatoes, etc., there. The arrangement was for the benefit and interest of Davis, it being the most beneficial way that the plaintiffs could occupy their homestead during the winter.

The homestead act should receive a liberal construction, and a continual, actual, bodily occupation of the premises should not be required to constitute them a homestead.

The lease from Davis to Putnam was void, because it was not executed by the husband and wife jointly.

2. The deed from the plaintiffs to the defendant is void, because the wife was a minor, and has chosen to revoke it. The statute gives but one mode of alienating the homestead, and that is by the *joint deed by the husband and wife.* This, of course, means a valid deed.

*Child & Powers*, for the defendant.

1. The conveyance by Davis and wife to the defendant, vested the title to the land in question in the latter.

2. The premises were not, at the time of said conveyance, the homestead of the plaintiffs, because they were not occupied by them at that time, but had been leased by them to Putnam for the term of five years, and the terms of the lease will not allow the inference of any *animus revertendi.* *True et als.* v. *Estate of Morrill,* 28 Vt. 672.

The opinion of the court was delivered by

POLAND, J. The plaintiffs claim that, inasmuch as the female plaintiff, Mrs. Davis, was a minor at the date of the conveyance from herself and husband to the defendant, the deed, as to her, is wholly void, or at least voidable at her election, and that therefore the rights of the parties in the homestead remain the same as if she had not joined in the conveyance at all. Whether her minority produces any such result, where the legal title to the land is wholly in the husband, and she is only required to join in the deed, in order to release or bar, her right afterward to claim homestead, is perhaps questionable. It might be urged, with some plausibility, that the statute, allowing her to release her right of homestead, by

joining in the deed with her husband, as much removed the disability of the wife's infancy, as of her coverture. The disability of coverture generally is more stringent in its effects, and legal consequences, than that of infancy. At common law, the deed of a married woman was wholly void, while that of an infant was only voidable, and might be confirmed after majority. So, ordinarily, a *feme covert* could not make any contract that would bind her, but an infant might make some contracts by which he was bound in law, even during infancy. But we do not decide this point, as there are two grounds upon either of which we are all fully agreed that the plaintiff's action must fail.

I. The homestead law does not vest any title to the homestead in the wife of the general and legal owner, during his life-time, but only a contingent and inchoate right, which, if she do not release, by joining in a conveyance, or otherwise become barred by operation of law, she may enforce, after his death, even though he may have conveyed it away absolutely in his lifetime. The husband not only holds the whole legal interest and title subject to this conditional interest, or incumberance, in favor of his wife, or wife and children, but the exclusive right of control, occupancy and possession is in him, and all the products and benefits belong to him, and may be disposed of by him at his pleasure, during the coverture.

The statute was not intended to make the conveyance, even of the homestead, by the husband alone, absolutely void, so as to convey no interest in the homestead, but entitles the grantee to at least the title and interest which the husband himself had, the use and possession during the coverture, but if the wife does not join in the deed, and the right is not afterwards lost in that particular homestead, by acquiring another, or in some other way, and the wife survive the husband, she may then assert her right to the homestead.

This right of homestead exists, by the statute in the life-time of the husband, to be sure, and can not be taken by the creditors of the husband, but during the life of the husband it is the husband's right of homestead, and not the right of the wife and children. The wife's right in the homestead under this statute, has very properly been likened to the wife's right of dower at common law.

By the common law, the wife, on the decease of the husband, was entitled to claim her dower in all the lands of which the husband was seized during the coverture, even though he had conveyed the lands absolutely in his life-time, unless she had released her right, by joining in the conveyance. Still the grantee was entitled to the full control and possession of the land by virtue of the sole deed of the husband until, the husband's decease, and the accruing right of the wife to dower. The ground on which the plaintiffs claim to recover in this action is, that this deed from the plaintiffs to the defendant, is void as to the wife, because she was an infant, and so is to stand as the sole deed of the husband; that it is then void as to the husband, because the wife did not join, and that therefore the title to the homestead never passed to the defendant, but has always remained in the plaintiffs, and been their property. If this view of the law were sound, it would very possibly follow that the plaintiffs would be entitled to recover in ejectment. But this question would seem to have already been decided in this state adverse to the plaintiff's views, and in accordance with those herein before expressed, as to the effect of a deed from the husband alone, of real estate in which a right of homestead existed. *Howe* v. *Adams,* 28 Vt. 541. In that case the husband sold and conveyed the homestead by deed, but without the wife's joining therein. A creditor of the husband, whose debt accrued so early, that the homestead was not exempt therefrom, attached the homestead and set it off to satisfy his debt, but it was decided that he acquired nothing, as against the grantee of the husband.

If it were true, as the plaintiffs claim, that the sole deed of the husband had no effect to convey title to the homestead, and that it still remained the property of the husband, or of the husband and the wife, certainly it could be held by those creditors of the husband, as to whose debts the homestead was still liable to attachment and execution.

II. We are all of opinion that upon the facts appearing in this case, neither of the plaintiffs had any right of homestead in the premises conveyed to the defendant, so that there was no necessity for the wife to join, to bar any contingent right she might have. The plaintiffs left the premises in October, 1856, and were living

Davis and Wife *v.* Andrews.

in another house, a mile and a half distant from these premises, when this deed was made to the defendant, January 5th, 1857. The plaintiff Davis, had leased the premises deeded to the defendant, for five years from the 1st of April following, and it would seem that he had no intention to return to those premises to live, at least till the expiration of that term, if ever. It seems however, that Davis contemplated a sale of the premises, and for that purpose, reserved a right to terminate the lease at the end of the first year, in case he should sell within that time, and he did sell to the defendant, so that it is very doubtful whether the plaintiffs contemplated ever returning to reside upon these premises again at any time, however remote in the future. One of the requisites of a homestead by the statute is, that it shall be occupied by such person as a homestead. At the date of this deed from the plaintiffs to the defendant, the plaintiffs were certainly not occupying these premises as a homestead; they had removed, and were permanently residing in another house, they did not contemplate returning to live on this place for more than five years, if they ever did, of which there would seem to be great doubt.

It is not true, that every temporary absence from home, would authorise creditors to take a man's homestead, or authorizes him to convey it to bar the right of his wife, but an abandonment of it, as a home, and setting up another, we think would have that effect. It may frequently become a nice question whether the absence is of such a temporary character and purpose, that the house or domicil still continues, or whether it is changed to another place, and so lost to the first or not, but when it is made clear that the residence and home of the family has been changed, the right of homestead in the old residence is changed. It is not enough that the housekeeper may still have the legal possession of the old or former homestead, so that he could maintain trespass for an injury to it; the question is, does *he occupy it for a homestead*; does he live and have his home there? We agree with what is said by BENNETT, J. in *True et al.* v. *Estate of Morrill*, 28 Vt. 672, that the statute refers to a personal occupancy by the housekeeper, and the opinion and decisions of that case are referred to as the doctrine of the court upon this point. In that case, no question could be made, but that the legal possession of all the lands in which the

widow claimed homestead, were in the lawful possession of the deceased up to his death, but he did not live upon either, or occupy either as a homestead, though he contemplated and had made prepparation to do so upon one of them.

The judgment of the county court is affirmed.