HON. HOMER E. ROYCE,  
HON. JONATHAN ROSS, } ASSISTANT JUDGES.  
HON. H. HENRY POWERS,

---

RODNEY C. ABELL, GUARDIAN OF FLORA C. MARANVILLE, AN INSANE PERSON, AND MARY E. MARANVILLE, ABEL MARANVILLE, AND ROBERT E. MARANVILLE, JR., BY NEXT FRIEND, AND ROBERT E. MARANVILLE, *v.* HENRY F. LOTHROP.

[IN CHANCERY.]

*Conveyance of Homestead by Sole Deed of Husband. Proper Parties to Bill to Protect Homestead. Estoppel.*

The owner of a homestead, if a married man, cannot convey the same, or any interest therein, except as provided by statute, without his wife joins in the conveyance; and his sole conveyance thereof is absolutely void as to such homestead.

And he may claim his homestead interest, notwithstanding such conveyance—he is not thereby estopped from so doing.

The wife and minor children of such married man, have a right of occupancy in such homestead, and may properly join with him in a bill to arrest proceedings which threaten such occupancy.

APPEAL from the court of chancery. Demurrer to the bill for want of equity. The court, at the September term, 1874, WHEELER, Chancellor, sustained the demurrer, *pro forma*, and dismissed the bill with costs. Appeal by the orators. The case is fully stated in the opinion.

*R. C. Abell* and *J. B. Bromley*, for the orators.

The orators are the family of Maranville—have no other homestead—and are entitled to a homestead in the premises in question. The conveyance from Maranville to Curtis was wholly inoperative to convey the homestead. Gen. Sts. ch. 68, § 10 ; *Day* v. *Adams*, 42 Vt. 510 ; *Exr. of Doane* v. *Doane*, 46 Vt. 485. The decisions in *Howe* v. *Adams*, 28 Vt. 541 ; *Davis* v. *Andrews*, 30 Vt. 678, and *Jewett et als.* v. *Brock et als.* 32 Vt. 65, were all rendered when the law of 1849 was in force, and are no authority in the present case. The present law was enacted in 1860, and was intended to place it out of the power of the householder to convey any interest in the homestead by his separate deed. The foreclosure proceedings and decree are in no way a bar to the rights of any of the orators, as none of them were made parties except Robert E. Maranville. If his deed was inoperative to convey the homestead right, it was equally inoperative to convey any beneficial interest which he might have in the homestead as one of the family. The effect of the decree is, to wipe out the equity of redemption ; it cannot enlarge the estate conveyed by mortgage.

*Dunton & Veazey*, for the defendant.

The decree of foreclosure in favor of Lothrop against Robert E. Maranville, is conclusive as between the parties to said suit ; and at the expiration of the time of redemption, all interest which the said Robert had in said premises, terminated, and his entire interest became vested in said Lothrop. *Grow* v. *Albee*, 19 Vt. 540. The mortgage purports to convey the entire premises, and contains the usual covenants of warranty and seisin. The said Robert having failed to claim the benefit of the homestead act in the foreclosure proceedings, thereby waived all right so far as he is concerned, to a homestead in the premises in question. The

said Robert is estopped from claiming any homestead interest in said premises by the covenants of his mortgage deed. No man shall be allowed to dispute his own solemn deed. Lord MANSFIELD, in *Goodlittle* v. *Bailey*, 2 Camp. 597 ; 1 Greenl. Ev. § 24.

The homestead exemption does not vest any title in the wife and children, and is nothing more than an inchoate lien upon the estate in their favor, which can only be asserted by them at the husband's decease. *Howe* v. *Adams*, 28 Vt. 541 ; *Jewett et als.* v. *Brock et als.* 32 Vt. 65 ; *Davis & wife* v. *Andrews*, 30 Vt. 678. Therefore, the complainant wife and children can only enforce their right to a homestead in said premises, at the decease of the said Robert, and such right as they have therein is not affected by said decree. There has been no change in our statutes in respect to the effect of a conveyance of a homestead by the husband alone, to change the construction of the act of 1849, under which the foregoing cases were decided.

After a decree has been made in a cause, a new original bill cannot be brought between the same parties and in the same matters, unless the decree has been obtained by fraud. Decrees, after enrollment, can only be revived or altered by a bill of review. 3 Dan. Ch. Pract. 1785.

There are only two grounds for a bill of review to reverse a decree. 1st. Error in law apparent on the face of the decree. 2d. New facts, or facts discovered since the decree, and which could not have possibly been used at the time when the decree passed. 3 Daniels, 1788 ; *Webb* v. *Pell*, 3 Page, Ch. 386, and case cited in note ; *Mead* v. *Ames*, 3 Vt. 148.

The opinion of the court was delivered by

POWERS, J. This is an appeal from the decree of the court of chancery dismissing the orators' bill. The material facts set forth in the bill, may be summarized as follows: Robert Maranville, on the 27th day of October, 1868, was the owner, and, with his wife and minor children, was in the occupancy of certain premises in Pittsford, in which they had a homestead, and on that day Robert, by his sole deed, mortgaged said premises to one Curtis

48

to secure an indebtedness then created. The Curtis mortgage was afterwards assigned to the defendant; and the mortgage debt being due and unpaid, the defendant commenced foreclosure proceedings against Robert, obtained his decree, and the time for redemption having expired, took out a writ of possession, and being about to execute such writ, this bill is brought in the name of Robert and his wife and minor children, setting up a homestead interest in the premises, and asking that commissioners be appointed to set out such homestead. The defendant demurs to the bill, and hence the facts are to be taken as true.

The defendant insists that Robert is estopped by his deed from questioning the title of the defendant under the mortgage, and that his deed had the effect to pass the title to the homestead during his lifetime, and that the rights of the wife and minor children to the homestead could only attach at his decease. In support of the latter proposition, the defendant relies upon the cases of *Howe* v. *Adams*, 28 Vt. 541; *Davis & wife* v. *Andrews*, 30 Vt. 678; and *Jewett et al.* v. *Brock et al.* 32 Vt. 65. *Howe* v. *Adams* is the earlier case, and upon it the others in some measure hinge. In that case, the husband, by his sole deed, conveyed the homestead. After such conveyance, a creditor of the husband whose debt accrued before the homestead law took effect, attached the homestead premises, and having obtained judgment upon his debt, levied his execution thereon, and the question in the case arose upon an ejectment brought by the creditor against the husband's grantee. Now, it is obvious that the rights of such a creditor stand in an entirely different relation to the homestead estate, from the rights of the wife and children of the owner of the homestead, or the rights of creditors whose debts accrue after the homestead is acquired. By the express language of the homestead act, the homestead was liable to attachment upon debts existing before the law took effect, or before the homestead was acquired. As against such debts, there was no homestead,—the property remained as it was before the law was passed, and as the husband might by his sole deed convey the property before the passage of the act, so after its passage he might do the same *as against* those creditors whose debts were superior to the home-

stead interest. This is all that is decided in *Howe* v. *Adams.*
The effect of the husband's deed upon the rights of his wife and
children, or upon debts created after the homestead is acquired,
is not involved in the case. In discussing the *real* question in
issue in that case, the court uses language that bears directly
against the claim of the defendant in the case at bar. The court
say: "But we are inclined to think that as to creditors whose
rights are superior to the homestead interest, the act should be so
construed, and the *limitation upon the conveyance only extended* to
those persons whose interests are liable to be affected by the ex-
ception in the statute, that is, *the wife and family and creditors
whose interests are subordinate to the homestead interest.*" The
case of *Davis & wife* v. *Andrews* turned upon the fact that the
plaintiffs had abandoned the premises constituting their homestead.
As the law then stood, a personal occupancy of the premises was
essential to the homestead right; and the plaintiffs having aban-
doned the premises as a home prior to the deed to the defendant,
had no *homestead,* and hence the limitation upon the husband's
right to convey, expressed in the homestead act, did not apply.
The court in that case, it is true, use language that might seem to
support the proposition of the defendant in this case; but they do
not seek to extend the doctrine expressed in *Howe* v. *Adams*;
and citing that case as an authority for the views which they ex-
press, it is evident that they only intended to keep in its wake.
In *Jewett et al.* v. *Brock et al.*, the question came up as in *Howe* v.
*Adams*, between a creditor whose debt was older than the home-
stead and the grantee of the husband, and the case was decided
according to the doctrine enunciated in *Howe* v. *Adams*. Had
the question arisen between the wife of Eastman and the parties
holding the Tucker mortgage, the court, doubtless, in accordance
with the views expressed in the above quotation from the opinion
in *Howe* v. *Adams*, would have held the deed void as to the wife.

But whatever may be said of these cases, decided under the stat-
ute then in force, we are all agreed that the statutes now in force
relating to the homestead, are sufficient authority for sustaining
the bill in this case. The act now in force, and which governs
this case, was passed since the above cases were decided, and pro-

vides, in substance, that no· *homestead*, nor *any interest therein*, shall be conveyed by the husband, and that his sole deed shall be *wholly inoperative* to convey *any interest* in the homestead. Surely, no more explicit language could be used to negative the right of the husband to convey either his own or his family's interest in the homestead. His deed is absolutely void—he has no capacity to deed—and the title to the estate remains as if no deed, were executed. This being so, no title whatever to, or interest in, the homestead of Maranville and his family, passed to Curtis under his mortgage ; and hence Lothrop got no such title or interest by his assignment of the mortgage ; and his decree, being limited by his mortgage, does not reach such title. Now then the attitude of the parties is this: the orators, as the bill states, are in the possession and occupancy of their homestead estate, and the defendant, without any title to such homestead estate, seeks to oust them. Can it be doubted that their possession even, is a better right than the defendant has ?

We think that the interest of the wife and children of Maranville in his homestead, was not affected by his deed to Curtis, and that they have a right of occupancy in the homstead, and are properly joined with the husband in a bill brought to arrest proceedings which threaten such occupancy.

It is urged that Maranville himself is estopped from setting up a homestead interest in the mortgaged premises. It is an essential element in the doctrine of estoppel by deed, that the deed itself which it is claimed works the estoppel, should be a valid instrument ; and as we hold his deed invalid as to his homestead, we do not think Maranville can be barred from claiming what he has never parted with. *Doe* d. *Chandler et al.* v. *Ford*, 3 Ad. & Ellis, 649 ; *Housatonic Bank* v. *Martin*, 1 Met. 294 ; Bigelow Estop. 283, 598.

The result is, the decree of the court of chancery sustaining the demurrer and dimissing .the bill, is reversed, and cause remanded to that court, with leave to the defendant to make further answer if he desires.