EDWIN R. MARTIN and WIFE *v.* C. N. HARRINGTON, Administrator, et al.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed May 31, 1901.

*Homestead Act V. S. 2189—Husband's sole deed of homestead is void—*
The homestead act protects the husband as well as the wife and children; and the husband's sole deed of the homestead is void and is in no way rendered effective by the subsequent death of the wife leaving him without children.

*The dictum in Whiteman v. Field, 53 Vt. 554, is not law—*What is said in *Whiteman* v. *Field,* 53 Vt. 554, to the effect that the husband's sole deed of the homestead becomes operative upon the death of the wife leaving him without minor children, is *obiter dictum* and is not law.

CHANCERY. Bennington County. Petition for the appointment of commissioners to set out a homestead. In vacation following the June Term, 1900, the cause came on for hearing on the bill and a demurrer thereto before *Watson,* Chancellor. It was adjudged and declared *pro forma* and without hearing that the demurrer be sustained and the bill dismissed. The orators appealed.

The petition set out that the defendants, herein, had obtained a decree of foreclosure of the mortgage executed by the petitioner, Edwin R. Martin, a married man, without the joinder of his wife, and covering their homestead. The petition, further, set out the reasons why a homestead right was not asserted in the foreclosure proceedings.

*Batchelder & Bates* for the petitioner.

*Barber & Darling* for the petitionee, L. N. Harrington, administrator.

TAFT, C. J. When the mortgage in question was executed the mortgagor, a married man, was occupying the premises as a homestead. The wife did not join in the mortgage. Subsequently, having no children, the wife died, leaving the husband without family; the husband continued in the occupation of the premises as a housekeeper, with neither wife nor children, and subsequently married the petitioner, Avis A.

The only question made in this case relates to the validity of the mortgage deed upon the death of the wife. Was the deed upon the happening of that event null, or did it become of force so as to cover the homestead? This question has never been before our courts.

When the homestead act was first passed, s. 5, No. 20, Acts 1849, provided that the homestead should not be alienated nor mortgaged by the owner thereof, if a married man, except by the joint deed of husband and wife, executed and acknowl-

edged in the manner provided for the conveyance of the lands of married women.    Under this statute it was held that the owner of a homestead, having a wife, might convey it by his own deed and pass the title thereto during his lifetime, and that the wife could not assert her rights unless she survived him. *Howe* v. *Adams,* 28 Vt. 541 ; *Jewett* v. *Brock,* 32 Vt. 65.    In *Davis* v. *Andrews,* 30 Vt. 678, the same rule is stated although the question did not arise as the court held upon the facts that neither of the plaintiffs had any right of homestead in the premises.

After these cases were decided the legislature altered the statute by No. 36, Acts 1860, providing that if the wife did not join in the execution of the conveyance it should "be wholly inoperative to convey any right, title or interest in such homestead, and the rights of the parties, and of all persons claiming under them or either of them, shall be and remain the same as if no such deed had been executed."    This section, in substance, has remained in our statutes until the present time without change, except that in the Revised Laws of 1880 the word "wholly" was omitted.

Some years after the passage of this act in the case of *Day* v. *Adams,* 42 Vt. 510, the claim was made with reference to the homestead in controversy in that suit, that the wife could not assert her right until the death of her husband, but the court held that that question was not material as the widow and children took an absolute title at the death of the husband and had not waived their homestead right, but *Peck, J.* referring to the claim said : "We are by no means prepared to assent to the proposition that the sole deed of the husband in such case would be effectual to disturb the occupancy of the husband and his family while they continued to occupy the premises as a homestead."    The same question arose in the case of *Abell* v. *Lothrop,* 47 Vt. 375.    The husband, mortgagor, was living

and it was claimed that he was estopped by his deed from denying the title of the defendant under the mortgage and that his deed had the effect to pass the title to the homestead during his lifetime, and that the rights of the wife and minor children to the homestead could only attach at his decease. The mortgage in that case had been foreclosed, the decree had expired without redemption and a bill was brought in the name of the mortgagor, his wife, and children, setting up a homestead claim in the premises and asking that the homestead might be set out. The judge who wrote the opinion refers to the cases heretofore cited decided under the first homestead act and then says: "Whatever may be said of these cases decided under the statutes then in force, we are all agreed that the statutes now in force relating to the homestead are sufficient authority for sustaining the bill in this case" and granted the relief sought. And referring to the language of the present statute the court further said: "Surely no more explicit language could be used to negative the right of the husband to convey either his own or his family's interest in the homestead. His deed is absolutely void; he has no capacity to deed and the title to the estate remains as if no deed was executed." This is the only case that has been called to our attention in which this question was involved.

The case of *Abell* v. *Lothrop* follows the words of the statute and holds that the sole deed of the homesteader shall be inoperative so far as the homestead is concerned. It decides that the husband homesteader, and his wife and children cannot be disturbed in their occupation of the homestead during the life of the husband and father by one claiming under the sole deed of the husband and father. But that is not the question before us, and the cases cited and some noted hereafter are referred to by way of argument and on account of the claim made that they sustain the doctrine urged by the defendants

in support of their contention, for if the husband cannot successfully defend against the mortgagee when his wife and children are living—how can he, when they are all dead and he is the survivor?

The validity of the sole deed of a husband is referred to in *Whiteman* v. *Field,* 53 Vt. 554, in which the question is discussed and a conclusion arrived at, that a deed executed when the wife was living would be operative to convey the estate and that it would become operative when the encumbrance had been removed.    In the opinion it is said: "The homestead right of the wife and minor children is inchoate, subject to be defeated by the abandonment of the same by the head of the family or the acquisition of another homestead by him * * * .    And in case of the death of the wife and minor children, during the lifetime of the husband and father, the estate is relieved from any homestead interest in the same"—This in effect is saying that in that event the sole deed of the husband and father would become operative and the homestead pass under it.    The defendants herein claim that the case of *Whiteman* v. *Field* overrules that of *Abell* v. *Lothrop* and that the latter case has never been cited by the court since the case of *Whiteman* v. *Field* was decided, while the latter has been cited with approval four times.

In regard to the *Whiteman* case it is enough to say that the question discussed and which the court assumed to decide was not before the court.    The case was in equity under the early practice and the court found upon the proofs that the defendant who claimed the homestead "never acquired any such (homestead) right in any portion of the mortgaged premises."

The court further say: "This finding is conclusive against the right of C. C. Field to homestead in the premises described in the mortgage sought to be foreclosed; but the question of the legal effect of the mortgage deed executed by C. C.

Field upon the assumption that he then had the homestead in the premises described in it has been ably discussed by counsel and we have thought proper to consider it." Then follows a long discussion with the conclusion above stated.

It is thus seen that the *Whiteman* case involved no legal question whatever, it turned upon a question of fact, and the case should never have been reported as it involved no question of law.

The cases in which *Whiteman* v. *Field* has been cited are:

*a.* *Heaton* v. *Sawyer*, 60 Vt. 495, in which it is said that the *Whiteman* case decides that a "conveyance by the husband is only operative against the rights of the wife and minor children." This we have seen the *Whiteman* case did not decide and in the *Heaton* case no question was made between the mortgagor and the mortgagee as to the validity of the mortgage but the question litigated was whether a divorced wife was entitled to a homestead in the lands of her deceased husband.

*b.* *In Re Hatch's Est.* 62 Vt. 300, in which it is cited to show that the wife and children after the death of the homesteader can hold the homestead against the sole deed of the husband and father, a question upon which it was hardly necessary to cite authority as the statute vested the title in them.

*c.* In *Thorp* v. *Thorp*, 70 Vt. 46, and *Thorp* v. *Wilbur*, 71 Vt. 266, it is cited upon a question foreign to the question before us, viz: that "Whether premises are so *used* or *kept* as to constitute a homestead is largely determined by the intention of the homesteader.

*d.* *Whiteman* v. *Field* is also cited in *Russ* v. *Henry*, 58 Vt. 388, that under a former statute, premises in order to constitute a homestead must be *used* or *kept* as a homestead.

*e.* In 15 Am. and Eng. Enc. of Law (2nd ed.) 683 n. 2, it is cited as disapproving *Abell* v. *Lothrop*.

The impropriety of discussing questions obiter is seen when we find that *Whiteman* v. *Field* which did not settle a single legal question is constantly cited in support of questions, not involved in that case, and as disapproving a case which is undoubted law.

The words of the homestead statute in effect are: "That the deed shall be inoperative so far as relates to the homestead." It is equivalent to saying that the deed is null and void and has no force; it is conceded that it has not during the life of the wife, and we see. no reason why it should change upon the death of the wife and then become operative. It is not claimed by the defendant that it becomes operative under the familiar rule, that when one conveys land with covenants of warranty of title, the title subsequently acquired by the grantor will enure to the benefit of the grantee in discharge of the grantor's covenants.

It is not claimed that this rule applies, and it cannot well apply, except to a case when it appears by the covenants contained in the conveyance itself "That the parties intend to convey and receive reciprocally a certain estate." *Carbee* v. *Hopkins,* 41 Vt. 249. For in this case there was no intent on the part of the mortgagor to convey, and none on the part of the mortgagee to receive any estate or interest in the homestead.

The effect of enforcing the defendants' claim in this case is to give the mortgagee the benefit of a security which he did not intend to get, and which he knew he did not receive, and which the mortgagor had no intent to part with and which under the statute he could not part with at the time. We hold that the deed, so far as this homestead was concerned, was inoperative to convey any interest therein.

The statute protects the homestead against any attachment by a creditor, although he has no wife nor children.

*Pierce* v. *Kusic,* 56 Vt. 418.   Considering the object of the statute that it is to preserve a home for the family it is not unreasonable to hold that it is as much for the benefit of an aged housekeeper, a demented octogenarian, with no means of support, as it is for the benefit of a young widow, just out of her teens, who may have a competence in her own right.

The homestead act was to protect the husband as well as the wife and this construction is not a strained one for we can have in mind that "Courts often do accommodate the provisions of a statute to cases which they were obviously intended to cover although not well suited to accomplish."

The adjudications of our sister states are generally in accord with our holding as may be seen by consulting 15 Am. and Eng. Enc. of Law, 682 *et seq.*   One main reason urged in support of the claim that the conveyance of the homestead by the sole deed of the husband becomes valid upon the death of the wife and children is the mistaken notion that the family thereby ceases to exist.   The husband is a part of the family indeed he is generally styled the head of the family and is entitled to as much protection as the wife and oftentimes needs it more; so far as a widower is concerned the effect of so holding may result, in the language of *Cockrill,* C. J., dissenting, in an Arkansas case, in "a solace in his loneliness for their loss."

In case there are no children and the wife is in an asylum hopelessly insane, or in prison under a life sentence the reason for retaining the homestead has ceased as effectually as if the wife was dead.   In such contingencies does the sole deed of the husband become operative?   There is as much reason it should in one case as the other, still we doubt if the claim would be made in case of such insanity or imprisonment.

Waples, a late writer on the subject of homestead and exemption says that: "Under the general rule that the husband alone cannot sell nor encumber his dedicated homestead, all

alienation of it in any.form by his act, when the property itself is not liable *in rem,* is absolutely void, not only as to the rights of his wife, who does not join him in the deed, and as to the children to whom the law gives the protection of shelter and the comforts of a habitation, but also as to himself.   His act is a nullity, and he escapes the consequences which would follow it so far as his own right and title is concerned, but for the equitable rights and interests of his family.   His deed or contract is as though it was never written or designed."

Our holding is this, and it is the only question in the case, that the sole deed of the petitioner Edwin R. was void so far as the homestead was concerned and was not rendered in any way effective by the subsequent death of the wife.

The petitioners were entitled to a decree in accordance with the prayer of the bill.

*Decree reversed and cause remanded.*