ADDIE B. DAVIS ET AL. *v.* GEORGE W. DAVIS ET AL.

Special Term at St. Johnsbury, February, 1908.

Present: ROWELL, C. J., MUNSON, and WATSON, JJ.

Opinion filed May 25, 1908.

*Mortgages—Deed Conditioned for Support—Mortgagee's Right to Rely on Whole · Security—Foreclosure—Decree—Conformity to Pleadings—Subrogation—Essentials.*

Where land is conveyed by deed conditioned to secure the grantor's support, the relation between the grantor and grantee is that of mortgagee and mortgagor, and the support secured to the grantor is the consideration for his conveyance of the title.

It is essential to the right of subrogation, independent of agreement, that the person making the payment be under some obligation regarding it, or have some interest to be protected by it. Payment by a stranger at the request of the debtor will not entitle the payor to subrogation, unless there is some understanding to that effect.

Where the attorney of the mortgagee, being a stranger to the transaction, at the request of the mortgagor advanced money to pay the mortgagee's claim, and took a second mortgage, signed by the mortgagor but not by his wife, to secure his payment, he

was not, in the absence of an agreement to that effect, entitled to be subrogated to the original mortgagee's security, which included the wife's homestead interest.

In a foreclosure proceeding, where the petition relied on two mortgages of property described in each as a "homestead," and alleged that the first was signed by a husband and his wife, and the second by the husband alone, and contained no allegations making the second mortgage a charge on the homestead, the wife need not answer but might assume that a decree would be limited, as against her, to the petitioner's rights as stated; and the fact that she appeared in the suit, but did not answer, afforded no support to a decree extinguishing her homestead right by foreclosure of the second mortgage.

A decree of foreclosure, "barring all equity of redemption in the premises," relates only to such rights and interests as are inferior to the mortgage foreclosed.

A mortgagee cannot be compelled to rely on a portion of the mortgaged premises, even though it be ample security; and hence he is entitled to hold a wife's homestead interest, where he has a valid mortgage of that, until the whole premises are redeemed.

APPEAL IN CHANCERY. Essex County, March Term, 1907, *Taylor,* Chancellor. Heard on the pleadings and findings of fact, made by a chancellor under No. 62, Acts 1906. Decree dismissing the bill with costs to the defendants. The oratrices appealed. The opinion states the case.

*George L. Hunt* for the Oratrices.

The decree in the foreclosure case constitutes a cloud on the oratrix's homestead and should have been set aside. *Hall* v. *Lamb,* 28 Vt. 85; 16 Cyc. 526; *Jones* v. *Davenport,* 19 Atl. 22; Scott's Appeal, 5 Atl. 671; *Whitney* v. *Bank,* 13 Pet. 6; *Barnum* v. *McDaniels,* 6 Vt. 177; *James* v. *Fisk,* 47 Am. Dec. 111.

There was no fault on the part of the oratrix. *Brinkerhoff* v. *Franklin,* 21 N. J. Eq. 334; *Day* v. *Allaire,* 31 N. J. Eq. 303; *White* v. *Smith,* 65 Atl. 1017.

The oratrix and her husband acquired their homestead under the conditional deed from Joseph French. *Doane* v. *Doane,*

46 Vt. 485; *Morgan* v. *Stern,* 41 Vt. 398; *Abbott* v. *Sanders,* 80 Vt. 179; and the conditional deed vested title at once. *Thomas* v. *Record,* 74 Am. Dec. 500; *Shum* v. *Claghorn,* 69 Vt. 45; *Tracy* v. *Hutchins,* 36 Vt. 225.

All parties to a deed are bound by the recitals in it legitimately appertaining to the subject-matter. 16 Cyc. 699; *Denn* v. *Cornell,* 3 Johns. Cas. 174; *Carver* v. *Johnson,* 4 Pet. 1; *Stow* v. *Wyse,* 18 Am. Dec. 99. Recital of one deed in another binds the parties and those claiming under them by estoppel. *Green* v. *Clark,* 13 Vt. 158; *Crane* v. *Morris,* 6 Pet. 598; *Orthwein* v. *Thomas,* 11 Am. St. Rep. 159; *Judd* v. *Seekins,* 62 N. Y. 266. A party is estopped to dispute a title which is recognized in a deed under which he claims. 16 Cyc. 700; *Hanley* v. *Blackford,* 25 Am. Dec. 114.

*Herbert W. Blake* for the defendant.

The oratrix having appeared in the foreclosure case can now raise no objection to the decree thereon. "A general or voluntary appearance is equivalent to service of process, and confers jurisdiction of the person on the court. Hence a defendant is estopped to object for want of such jurisdiction, where he has appeared generally and it is held to be immaterial whether he be a resident or non-resident." 3 Cyc. 515-520; *Abbott* v. *Dutton,* 44 Vt. 546; *Tichout* v. *Cilley,* 3 Vt. 415; *St. Albans* v. *Bush,* 4 Vt. 58; *Coit et al.* v. *Sheldon,* 1 Tyler 300. And much less can she seek relief for any loss to her interests suffered by reason of his mistake and negligence. Her action, if any, was against her attorney. 4 Cyc. 972; *Newcome* v. *Peck,* 17 Vt. 302; *Vt. Mining Co.* v. *Windham Co. Bank,* 44 Vt. 489; *Spaulding* v. *Swift,* 18 Vt. 214; *Davenport* v. *Hicks,* 54 Vt. 23.

All the ends and purposes of the homestead exemption are met if he does convey some part of his estate which might have, but has not, been used as a part of his homestead, so long as he leaves the dwelling-house, out-buildings and land used in connection therewith of sufficient value to give his widow a full homestead. *Laird* v. *Perry,* 74 Vt. 454; *Thorpe* v. *Wilbur,* 71

Vt. 266; *Tilden* v. *Crimmins,* 60 Vt. 547; *Howe* v. *Adams,* 28 Vt. 541.

MUNSON, J.   The oratrices are the wife and minor children of the defendant George W. Davis, and the bill is brought to secure a homestead right in certain premises which Joseph French, the father of the . oratrix ' Addie, conveyed to the defendant George in 1886, by a deed conditioned to secure the grantor's support.   It is alleged and admitted that from the receipt of this conveyance until February, 1906, the property was kept by the defendant George as his homestead, and occupied as such by himself and his family, and that the oratrix Addie has ever since continued to live on the premises with her children, claiming a homestead right therein.

In December, 1890, the defendant George Davis and his wife, the oratrix Addie, executed a mortgage of the premises to one Alvin Bartlett.   In 1897, W. H. Silsby, the guardian of Joseph French, being duly licensed to sell the real estate of his ward, agreed with Davis to deed him French's interest in the premises on the payment of $350, and placed a deed thereof in the hands of Porter H. Dale, his attorney, to be delivered to Davis on the receipt of that sum.   Davis failed to make the payment, and the deed remained in Dale's hands.   In June, 1899, Davis gave Silsby a writing by which he agreed to pay him $350 in settlement of French's claim, in instalments of ten dollars a month.   Prior to September 14, 1900, instalments aggregating $120 were received by Dale and forwarded to Silsby.

Silsby afterwards pressed Davis for further payments on this agreement, and Davis then arranged with Dale to pay the balance of the claim and take a mortgage to secure the sum advanced.   March 25, 1901, Dale caused Silsby's deed to Davis to be recorded, paid Silsby $256 in settlement, and took Davis' note for that amount, and a mortgage securing the same signed by Davis alone.   Dale subsequently assigned this mortgage to one Sweeney, who also became the owner of the Bartlett mortgage.   In August, 1902, Sweeney brought a petition of foreclosure on both the mortgages, making the oratrix Addie a party defendant with her husband; and she appeared by solicitor, but

made no answer, and a decree of foreclosure covering both the mortgages was taken against both defendants at the March Term, 1903; and this became absolute April 8, 1904.

Sweeney conveyed the premises to the defendant Edward E. Davis by a deed dated April 29, 1904, in which the usual covenant of warranty was limited by adding the words ''against all persons claiming by, through or under me.'' The defendant Edward took this deed at the request of defendant George, and the property was conveyed to George on the following day by a deed conditioned for the payment of $635. The defendants claim that the homestead is properly holden for the payment of the entire sum.

The defendants argue the case as made by bill and demurrer, by bill and answer, and by bill, answer and findings; but a consideration of the case as finally presented will dispose of all the questions raised.

In *Martin* v. *Harrington,* 73 Vt. 193, 50 Atl. 1074, 87 Am. St. Rep. 704, after a full consideration of *Whiteman* v. *Field,* 53 Vt. 554, the case of *Abell* v. *Lothrop,* 47 Vt. 375, was declared to be undoubted law. In the case thus referred to, the husband had mortgaged the premises by his sole deed to secure an indebtedness then created, and the mortgage had been foreclosed and a writ of possession taken out. The bill was brought in the names of the husband and his wife and minor children, and alleged a homestead interest in the premises, and prayed for the appointment of commissioners to set out the homestead. It was held that the title to the property remained as if no mortgage had been executed, and that the orators were entitled to relief. In *Martin* v. *Harrington,* above cited, the occupancy of the premises as a homestead had continued, but the wife had died leaving no children, and it was claimed that the mortgage became operative at her death, but the Court held otherwise. The bill in this case alleges that the defendant George left his dwelling-house in February, 1906, and has since lived away from the premises and his family, but the defendant denies this in his answer, and alleges that he procured the property after the foreclosure to save a home for himself and his wife and children. So no question of the abandonment of the homestead or the acquirement of a new one is presented, and the case is squarely within

the facts of *Abel* v. *Lothrop*. The oratrix Addie had a good defence to the foreclosure suit as against this mortgage, unless the mortgage was sustainable on some special ground.

It is argued that the French demand was for the purchase money and therefore superior to the homestead right, and that Dale's payment of this demand entitled him to the benefit of French's security. It is clear that the relations of Davis and French under the conditional deed were those of mortgagor and mortgagee, and that the support secured to the grantor was the consideration for his conveyance of the title. *Abbott* v. *Saunders,* 80 Vt. 179, 66 Atl. 1032. But the mere fact that the money was furnished and used to satisfy a claim secured on the homestead did not entitle Dale to the benefit of that security. *Guy* v. *DuUprey,* 16 Cal. 195, 76 Am. Dec. 518. It is essential to a right of subrogation independent of agreement that the person making the payment be one who is under some obligation regarding it, or who has some interest to be protected by it. Payment by a stranger at the request of the debtor will not entitle the payor to subrogation unless there was an understanding to that effect. See *National Bank of Royalton* v. *Cushing,* 53 Vt. 321. Dale had no connection with the debt or the property, but he acted on Davis' request. It is not necessary to inquire regarding the effect of such a request as against the wife. There is no finding that there was any agreement concerning the prior security, and the facts reported indicate that there was none. It is found that Davis arranged with Dale "to pay the balance of said $350 to Silsby and take a mortgage to secure the sum so advanced," and it is to be presumed that the mortgage Dale accepted was the one for which he had arranged. The deed was drawn to be signed by Davis alone, and contains the following recitals: Being "the same premises conveyed to me the said George W. Davis by deed from Joseph French, * * the conditions in which are discharged in a deed from W. H. Silsby guardian, * * and the same premises occupied by me as a homestead for more than fifteen years last past." This recital, taken in connection with Dale's knowledge of the situation and his contemporaneous filing of the Silsby deed, clearly imports a reliance upon the sole conveyance of Davis.

We do not find it necessary to consider the application for a rehearing presented by the supplemental bill. The decree is erroneous on its face. It is not in accordance with the pleadings as therein stated. The petition sets up two mortgages of property described in both as the homestead, the first of which is alleged to have been signed by Davis and his wife, and the last by Davis, and contains no allegations making the last a charge upon the homestead; and the decree states that there was no answer. The defendant Addie had a right to assume that the decree would be limited, as against her, to the petitioner's rights as stated. The allegations of the petition did not put her homestead right in issue as regards the second mortgage, and she had no defence as against the first; so she had no need to answer. The fact that she appeared affords no support to the decree. Her homestead right was paramount to her husband's mortgage, and could not be extinguished by its foreclosure. The foreclosure clause barring "all equity of redemption in the premises," relates only to such rights and interests as are inferior to the mortgage foreclosed, and not to such as are superior. *Buzzell* v. *Still*, 63 Vt. 490, 22 Atl. 619, 25 Am. St. Rep. 1777; *Lewis* v. *Smith*, 9 N. Y. 502; 61 Am. Dec. 706; *Strobe* v. *Downer*, 13 Wis. 10, 80 Am. Dec. 709.

The oratrices are not entitled to have the homestead set out. The Bartlett claim was secured on the entire property, and Bartlett's assignee is entitled to hold it all until redeemed. A mortgagee cannot be compelled to rely upon a portion of the mortgaged premises, even though it be ample security. To compel this would be to set up and enforce a contract not made by the parties. *Bailey* v. *Warner*, 28 Vt. 87.

*Decree reversed and cause remanded with mandate that the decree of foreclosure be set aside as regards the second mortgage, and that an accounting be had separating the sums due on the two mortgages, and that the decree be so altered as to permit the oratrices to redeem by paying the sum due on the first mortgage, and that in other respects the decree be affirmed; costs of the foreclosure suit and of this proceeding to be determined below.*