ADDIE B. DAVIS ET AL. *v.* GEORGE W. DAVIS ET AL.

Special Term at St. Johnsbury, April, 1909.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 19, 1909.

*Equity—Appeal—Mandate—Duty of Lower Court—Framing Final Decree—Compliance with Mandate.*

Where, on appeal from a decree foreclosing a first and second mortgage on a homestead, the Supreme Court reversed the decree as to the second mortgage because not signed by the mortgagor's wife who was a party defendant to the suit, the decree thereupon entered by the court of chancery, in addition to conforming to the mandate, improperly provided that it should not be a bar to proceedings by the second mortgage necessary to protect his rights.

APPEAL IN CHANCERY, Essex County. At Chambers on January 25, 1909, and after the mandate from the Supreme Court in this case came down, final decree was entered therein. The oratrices appealed. The opinion states the case. See 81 Vt. 259.

*George L. Hunt* for the oratrices.

*H. W. Blake* and *Young & Young* for the defendants.

POWERS, J.  It is not claimed that there is anything about this case to take it out of the general rule that in chancery appeals the court of chancery is bound to follow the mandate of this Court. The only question presented is whether or not the decree here appealed from does in fact conform to the mandate shown by the report of the case in 81 Vt. 259, 69 Atl. 876. The oratrices object to that paragraph of the decree wherein it is said: "The chancellor has not in any way passed upon the rights of the present owner of said second mortgage, dated March 25th, 1901, signed by George W. Davis and given to Porter H. Dale, except to set aside the decree in accordance with the mandate as hereinbefore set forth, and *this decree shall not be a bar to his*

*proceeding in such action as he may be advised is lawful and necessary to protect his rights,"*—the clause italicised being especially offensive to them.

It is apparent from the opening clause of the paragraph quoted that the chancellor had some anxiety lest it should be thought that he had gone beyond the scope of the mandate, and that the paragraph was inserted for the very purpose of making it plain that he was keeping within it. We do not say that he has in any way limited the scope or changed the effect of the decision before rendered in this case. The effect of that decision upon the rights of the parties concerned may involve controverted questions which will have to be decided when reached. But it was not for the court of chancery to say in this decree what that effect was, though it may have correctly stated it. The clause especially objected to is susceptible of the construction placed upon it by the oratrices and therefore it should not have been embraced in the decree.

Other objections are made to the decree, but the defects are not of a character to require special mention, as they can be called to the attention of the court of chancery and any inaccuracy of statement therein will doubtless be corrected.

*Decree affirmed and cause remanded with instructions to the court of chancery to alter the decree in the particulars specified so that it may conform to the former mandate. Let the oratrices recover costs in this Court.*