## JOSEPH SIMONDS *v.* IRA BROWN AND APOLLOS AUSTIN.

### IN CHANCERY.

B., being indebted to A., executed to him a mortgage of certain lands, of which S. held a prior mortgage. Subsequently A. proposed to receive the lands, at the value at which they should be appraised, in payment of his debt, provived they could be released from the mortgage of S. ; and an arrangement was thereupon entered into between B. and S., by the terms of which S. was to receive a claim, which B. held against a third person, and also a deed of certain other land, as security for his debt, and was to release the lands mortgaged to A. ; and S. thereupon wrote to A., informing him that he would release his mortgage, provided the contemplated arrangement should be entered into between B. and A. Upon receiving this letter A. told B. that he would conclude the arrangement, and S. was informed of this by B. ; and appraisers were agreed upon between B. and A., and some months afterwards the land was appraised and the arrangement concluded. And it was held, on a bill of foreclosure brought by S. against B. and A., *that the mortgage of S.-must be postponed to the rights* acquired by A. under the arrrangement, notwithstanding B. had not fully performed his agreement with S.

But, inasmuch as A. had not filed a cross bill, to obtain relief, it was held that he must be dismissed from the case with his costs ; and a decree of foreclosure was made against B. alone.

APPEAL from the court of chancery. The bill was brought to foreclose the equity of redemption in certain lands, mortgaged by the defendant Brown to the orator; and the orator alleged, that Brown had conveyed the same lands to the defendant Austin, subsequent to the execution of the mortgage to the orator.

Gustavus A. Austin, executor of the last will and testament of Apollos Austin, answered, that Apollos Austin held mortgages of the lands described in the orator's bill, executed subsequent to the mortgage to the orator, to secure debts due to him from the defendant Brown; that Brown proposed that Austin should take those lands, at the value at which they should be appraised, and apply them in payment of the debts, for the security of which they were mortgaged ; that Austin assented to this, provided the lands could be released from the mortgage to the orator ; and that Brown after-

Simonds *v.* Brown et al.

wards brought to Austin a letter directed to him, dated December 20, 1841, and signed by the orator, which was in these words;—
" I do agree to discharge all the claims, which I have on the real
" estate of Ira Brown, in case he makes arrangements with you, so
" that it is his desire that I should, except about seven acres, which
" neither you nor I have any claim upon ; that is, I quitclaim all
" right and title to all the lands belonging to the said Brown, which I
" hold mortgage of, (or discharge the mortgage.")    And it was far-
ther alleged in the answer, that Austin, relying upon the assuran-
ces contained in the orator's letter, assented to the arrangement pro-
posed by Brown ; that on the second day of May, 1842, he purchased
of Brown the lands mortgaged to him, situated in the town of Or-
well, at their value, as appraised by two persons agreed upon by the
parties, and applied the amount upon the mortgage debt, and for the
balance of the debt received a new mortgage of certain other lands
belonging to Brown, which were also included in the mortgage to
the orator,—of all which the orator had notice; that the arrange-
ment would have been sooner concluded, had it not been for the
absence of one of the appraisers agreed upon ; that Austin acted in
good faith, relying upon the letter of the orator ; and that the orator
never rescinded his agreement.

The answer of the defendant Brown was in substance the same
with that of Austin, except that he claimed that the arrangement
between himself and the orator, which was concluded at the time
the letter was written by the orator to Austin, was an adjustment of
the mortgage debt due to the orator, and that the orator then re-
ceived from him a conveyance of about seven acres of land in full
satisfaction of the amount due upon the mortgage.

The answers were traversed, and testimony was taken upon both
sides, the substance of which is sufficiently detailed in the opinion
of the court.

The court of chancery decreed a foreclosure, as to Brown, of the
premises described in the orator's mortgage, and that the executor
of Austin should be dismissed from the suit, with his costs.

*E. N. Briggs amd C. L. Williams* for orator.

*C. Linsley* for defendants.

Simonds *v.* Brown et al.

The opinion of the court was delivered by

BENNETT, J.  No question is raised in this case, but that the orator should have his decree against Brown; but it is claimed, that the orator, notwithstanding his mortgage is prior in time, should be postponed to Austin; and this is the important question in the case.

We learn from the testimony, that Brown was wishing to make some arrangement with Austin, by which Austin should receive the lands, which had been first mortgaged to the orator, and subsequently to Austin, at the appraisal of men, in satisfaction of his debt.  On the twentieth day of December, 1841, the orator sent a written communication to Austin, by the defendant Brown, in which he agreed to discharge all the claims, which he had upon the real estate of Brown, in case Brown should make an arrangement with Austin, so that he (Brown) should desire to have it done,—that is, the orator would quitclaim all right and title to the lands, of which he held a mortgage.  At the time the orator gave this line to Austin, he agreed with Brown to substitute other security for his debt, viz., a certain seven acre lot of land, not included in the mortgages to the orator, or Austin, and a claim against a certain meeting house committee, so called.  The very next day Brown carried the line to Austin, and Austin, relying upon it, agreed with Brown to have the land appraised and to receive it in payment of his debt; and notice of this arrangement was given to the orator.  The appraisers having been agreed upon, the parties caused the land to be appraised, and a conveyance was executed.  Austin gave up the mortgage notes, and took a new mortgage on other lands, to secure the excess of the mortgage debt above the value of the land as appraised.

Though it was some little time, before the agreement between Brown and Austin was carried into execution, yet this was nothing to the orator.  He had made his own agreement with Brown to discharge his mortgage, and subsequently took the title to the seven acres of land, which, for aught that appears, he still holds; and whether he might have had the claim against the meeting house committee, if he had attended to it in proper season, is not very material.  Simonds had notice from Brown, that he and Austin had agreed upon the terms of settlement, and Simonds never gave any notice to Austin, that he even wished to recede from his agreement with Brown to release his mortgage,—even if he had the right to

30

recede, which, in my view, is at least questionable.    Indeed, the fact that Simonds took the deed of the seven acres from Brown is in affirmance of his agreement.

We think, then, from the facts, as established in this case, that Austin is entitled to have the orator's mortgage postponed to his title; but, as he has filed no cross bill, no relief can be decreed to him. All that can be done is to dismiss him from the present bill.    The decree of the chancellor should be affirmed against Brown, without any additional costs in this court, allowing him such farther time to redeem as the chancellor shall direct; and the chancellor's decree, dismissing the executor of Apollos Austin with costs, must be affirmed with additional costs in this court.

The case is remanded to the court of chancery, to be proceeded with accordingly.