JOHN M. SHAW v. FRANCIS CHAMBERLIN.

[IN CHANCERY.]

*Demurrer to Bill for want of Equity. Parties. Plea in Bar. Practice.*

The bill in this case alleged that while W. was the owner of a certain farm, the orator purchased and took a deed of him of about one acre thereof, with a dwelling-house and other buildings thereon, and went into the possession and enjoyment thereof; that the same had for a long time been, then were, and ever thereafter continued to be, supplied with water by means of an aqueduct laid thereto from a spring situate on another part of said farm; that at the time of such purchase, it was mutually agreed between W. and the orator, that the orator had purchased the right to draw water from said spring as aforesaid, but that they omitted to specify said right in the orator's deed, because they supposed it would be conveyed thereby without being so specified; that W. continued to own the residue of said farm for several years thereafter, and never made any claim to said aqueduct; that said aqueduct was visible and apparent, and the defendant, and those under whom he claimed, subsequent to W., had full notice of the existence thereof at the time of their several purchases of

the residue of said farm; and prayed for an injunction against interfering with said spring and aqueduct to the injury of the orator, and for general relief. *Held*, that said bill was not defective for want of equity.

*Held*, also, that W., who subsequently parted with all his interest in the residue of said farm, was not a necessary party to said bill, as the bill disclosed one ground on which the orator would be entitled to relief without addition of parties.

After W. conveyed to the orator as aforesaid, and while he owned the residue of said farm, he mortgaged the same to O., who subsequently foreclosed his mortgage, by petition, in the mode prescribed by statute, and made the orator a party defendant to the proceedings. The premises were not redeemed. *Held*, that the decree of foreclosure did not bar the orator's right to said spring and aqueduct,

On hearing on bill, demurrer thereto, and plea, the court overruled the demurrer and plea, and entered a decree for the orator according to the prayer of the bill; from which decree the defendant appealed. *Held*, that the defendant was not, therefore, strictly entitled to claim that the chancellor erred in making a final, instead of an interlocutory decree.

APPEAL from the court of chancery:

The bill alleged that in the year 1838, one Jay Wilson owned a farm in Bethel, known as the Burke farm, on which there was then a brick dwelling-house and other building; that during that year, he built a new dwelling-house, and other buildings appurtenant, on the northern extremity of said farm, and caused an aqueduct to be constructed from a certain spring situate on said farm to said last named dwelling house, for the purpose of supplying the same with water; that thence, for the space of about thirty years, water flowed from said spring, through said aqueduct, to said last named dwelling-house, without molestation or hindrance; that the said Wilson, on the 30th of March, 1849, being the owner and occupant of said farm, mortgaged the same to one Chester Baxter, to secure the payment of the said Wilson's promissory notes to the said Baxter for the sum of $3,400; that said notes were not paid according to the tenor thereof, whereupon the said Baxter brought his petition to foreclose said mortgage, and obtained a decree of foreclosure against the said Wilson; that before the expiration of the time of redemption therein fixed, the said Wilson agreed with the said Baxter for an extension of said time; that after the expiration of said time, the said Wilson, from time to time, paid different sums of money to the said Baxter, who received and applied the same upon said mortgage; that afterwards, to wit, on the 28th of October, 1851, while the said Wilson was the equitable owner of said farm as aforesaid, and was in possession thereof, and the said Baxter was the legal owner thereof as aforesaid, the said Baxter, in pursuance of an agreement to that effect with the said Wilson, released and conveyed to the said Wilson said new dwelling-house, and about one acre of land thereto adjoining, and the said Wilson, in con-

66

sideration thereof, thereupon paid to the said Baxter a certain sum of money, which the said Baxter applied upon said mortgage ; that afterwards, to wit, on the 29th of November, 1852, the said Wilson mortgaged said new dwelling-house and the land thereto belonging, to one David Owen, to secure the payment of the said Wilson's promissory note to the said Owen for the sum of $250 ; that on the 11th of February, 1853, while the said Wilson was the legal owner of said new dwelling-house, subject to said mortgage thereon, and the equitable owner of the residue of said farm, and said Baxter the legal owner thereof, the orator purchased said last named dwelling-house, and the land thereto belonging, of said Wilson, and took a deed thereof, subject to the said mrrtgage thereon, and paid therefor about the sum of $400, and then went into the possession thereof, and has ever since remained in possession ; that thereafterwards, to wit, on the 17th of December, 1853, the said Wilson paid the balance of said mortgage to the said Baxter, and the said Baxter discharged the same.

The bill further alleged that at the time the said Baxter conveyed said new dwelling-house and land to the said Wilson as aforesaid, water was running thereto from said spring, through said aqueduct, and continued to so run, and was so running at the time the orator purchased as aforesaid ; that at that time, it was mutually agreed and understood between the orator and the said Wilson, that the orator had purchased the right to draw water from said spring, through said aqueduct, to the house so purchased by him, but that the orator and the said Wilson omitted to specify said right in the orator's deed, because they supposed the same would be thereby conveyed without specifically naming the same therein ; that the said Wilson continued to own and occupy the residue of said farm for several years after the conveyance to the orator as aforesaid, during all which time, water continued to flow through said aqueduct as aforesaid, and the said Wilson never made any claim thereto ; that afterwards, the title and interest of the said Wilson in said farm, came to, and rested in the said Owen by virtue of a decree of foreclosure founded upon a mortgage of the residue of said farm, executed by the said Wilson to the said Owen, December 17, 1853 ; that the said Owen afterwards, to wit, on the 13th of March, 1861, conveyed said farm to one Cummings, who thereafterwards, to wit, on the 27th of February, 1867, conveyed the same to the defendant, who hath ever since owned and occupied the same ; that said aqueduct, at the time of the respective purchases by the said Owen, Cummings, and the defendant, as aforesaid, was visible

and apparent, and that each of said purchasers was aware· of the existence thereof at the time of their respective purchases ; that in January, 1868, and while water was running through said aqueduct as aforesaid, the defendant claimed and insisted to the orator that the orator had no right to said aqueduct, or to said spring of water, but that he himself was the owner of said spring, and had a right to stop the water from flowing in said aqueduct, and threatened so to do, unless the orator paid him rent therefor, and that the defendant procured a lease of said spring to be drawn from himself to the orator, for the orator to accept, but that the orator declined to accept the same, insisting that he was drawing water as aforesaid in his own right ; that the orator was, on the 18th day of said January, informed by the agents and servants of the defendant that, unless the orator accepted said lease, they should destroy said aqueduct, and fill up said spring.

The bill averred that there was no water that the orator could obtain for the use of his family and cattle, without going off his land, and conveying the same to his house at great expense ; that the destruction of said aqueduct, or the filling up of said spring, would cause the orator great and irreparable damage, for which he had no aqequate remedy at law ; that the right to draw water from said spring as aforesaid, was worth more than one hundred dollars ; and that the orator had reason to believe, and did believe, that the defendant would destroy said aqueduct, and fill up said spring. The bill prayed for an injunction, and for general relief.

The defendant, by leave of court, demurred to the bill for want of equity, and because, if the orator was entitled to relief, the said Jay Wilson was not made a party. The defendant also pleaded the decree of foreclosure obtained by the said Owen as stated in the bill, in bar of this suit, and averred that the orator was a party defendant thereto, duly served with process. The mortgage upon which said decree was founded, was in the usual form. The foreclosure was by petition under the statute, and the petition alleged that the orator claimed some interest in the premises. The petition was taken as confessed, and the decree was in the form prescribed by statute.

The court, at the May term, 1872, BARRETT, Chancellor, upon hearing on bill, plea, and demurrer, overruled the plea and demurrer, and rendered a decree for the orator according to the prayer of the bill. Appeal by the defendant.

*J. J. Wilson*, for the orator.

A conveyance of a house and lot, supplied with water by an aqueduct running through the land granted, from a spring belonging to, and situate on other land of the grantor, conveys the water as then running, with a right to the spring and aqueduct sufficient for the continuance thereof. *Vt. Central Railroad Co.* v. *Estate of Hills*, 23 Vt. 681 ; *Harwood* v. *Benton et al.* 32 Vt. 724 ; *Coolidge* v. *Hager*, 43 Vt. 9 ; *Pyer* v. *Carter*, 40 Eng. L. & Eq. 412 ; 4 Kent Com. 467 ; *Nicholas* v. *Chamberlain*, Cro. Jac. 121 ; 2 Washb. Real Prop. 32, 36, 38. The form of the deed from Wilson to the orator does not appear ; but even a quit-claim deed carries with it all the right and title which the grantor has. *Smith, Adm'r*, v. *Pollard*, 19 Vt. 272 ; *Collamer* v. *Langdon et al.* 29 Vt. 32. It stands admitted that Jay Wilson intended to convey said spring and aqueduct, and that the aqueduct was visible and apparent, and that the defendant, and his grantors, Cummings and Owen, bought with full knowledge thereof.

The demurrer and plea were properly overruled. Jay Wilson is not a necessary party. *Dana* v. *Nelson et al.* 1 Aik. 252 ; 1 Dan. Ch. Pr. 183, 192, notes. But this objection must be apparent on the face of the bill, or a demurrer will not lie. Ib. 289, 565, 611, 612, 613 ; 2 Swift Dig. 240. It does not appear from the bill that Jay Wilson has any interest in the matter ; nor whether the mortgage given by him to Owen, contained any covenant ; nor does it appear but that there was an exception of the spring and aqueduct therein. A demurrer does not extend to inferences of law. 1 Dan. Ch. Pr. 566–7.

But Wilson would not be a necessary party if his mortgage contained the usual covenants. *Howard* v. *Benton et al. supra.* Owen acquired no right to the spring and aqueduct by his mortgage on the farm.

The orator being compelled to resort to chancery for one purpose, the court will retain the case until finally disposed of. *Dana* v. *Nelson et al. supra ; Beardsly* v. *Knight et al.* 10 Vt. 185 ; *Sanborn* v. *Kittredge et al.* 20 Vt. 632 ; *Lyon* v. *McLaugh-*

*lin*, 32 Vt. 423 ; *Holmes* v. *Holmes, Ad'mr*, 36 Vt. 525 ; *Twitch-ell* v. *Bridge*, 42 Vt. 68 ; 2 Johns. Ch. 162 ; 2 Swift Dig. 156–7 ; 1 Dan. Ch. Pr. 581, note ; 3 Ib. 1741.

The plea of a former decree must set up enough "of such decree, and of the bill and answer, to show that the same point was in issue in the former suit. 2 Swift Dig. 260 ; 1 Dan. Ch. Pr. 684. But the decree pleaded was only a decree of foreclosure, and barred only the equity of redemption, and the point now in controversy was not raised in that case.

*Hunton & Gilman*, for the defendant.

The defendant, by his demurrer and by his plea, prayed judgment whether he should be compelled to answer further ; the court, therefore, erred in passing a final decree. Mitf. Eq. Pl. [16] ; Adams Eq. [336], [342] ; Story Eq. Pl. 784, § 866.

The case of the orator as stated in his bill, does not entitle him to the relief prayed. The bill does not disclose the ground of the orator's claim. The allegations thereof are not sufficient to found a claim upon that a right to take water from the spring was *conveyed* to the orator, even as an appurtenance.

If it should be claimed that a right to the water passed to the orator as necessary to the enjoyment of the premises granted, we answer ; 1st, that the bill does not put the case upon that ground ; and 2d, that it is not in fact a necessity. It is not like the case of a way of necessity. Wheat. Selwyn, 1366, pl. 5, and note B. It must be from strict necessity. Ib. note 2.

A deed of a house and land, omitting to name the appurtenances, will *not* carry a right to take water from a spring on other lands of the grantor. In the cases in which it has been held that by a deed of a house and land the right to such spring would pass, the *appurtenances* were named in the deed. *Nichols* v. *Chamberlain*, Cro. Jac. 121 ; *Coolidge* v. *Hager*, 43 Vt. 9. The word *appurtenances* in a deed has force. *Smith et al.* v. *Martin*, 3 Saund. 400, and n. (2) ; *Buck et al.* v. *Newton*, 1 B. & P. 53 ; *Doe d. Clements*, v. *Collins*, 2 T. R. 498 ; *Swazey* v. *Brooks*, 34 Vt. 451.

If the orator had alleged that a right to the spring, or to the water thereof, passed by the conveyance of the house and land as an appurtenant thereto, it would not entitle him to relief, it not being alleged that the appurtenances were named in the deed. A way of necessity lies in grant. 2 Bl. Com. 35, n. (28); 1 Saund. 323, n. 6.

The allegations of the bill are too vague, indefinite, and uncertain, to warrant any decree thereon. Story Eq. Pl. §§ 242, 244, 255; Mitf. Eq. Pl. 41, 107.

If the allegations of the bill are sufficient to entitle the orator to have the deed reformed under the general prayer, Jay Wilson should be made a party defendant.

The plea is sufficient, and is a bar to this suit.

The opinion of the court was delivered by

ROSS, J. The defendant has demurred to the orator's bill, and insists that the same is insufficient by reason of lack of substance and lack of parties. The orator, we think, not in the most approved form, nor with the greatest clearness and explicitness, but in substance, has set forth that he claims the right to have the water from the spring named, situated on the remainder of the Burke farm, so called, flow through the aqueduct to the house which he purchased of Jay Wilson, by virtue of the conveyance of such a right to him in the deed of the premises; or, at least, that he purchased and paid for such a right at the time he purchased and paid for the house and acre of land, and went immediately into the possession and enjoyment of the same, and had so continued to the time of bringing the bill; so that the subsequent purchasers of the remainder of the Burke farm, on which the spring and part of the aqueduct were located, were put upon inquiry that he claimed some right to the spring and aqueduct, and were thereby charged with all the knowledge which the inquiry, if made, would have put them in possession of, as to the rights which he claimed in and to the spring and aqueduct. We think any one so disposed, upon a careful reading of the bill, would fairly understand that the orator claimed a right in and to the spring and aqueduct in both of the ways named; so that the

bill contains sufficient substance to entitle the orator to the relief prayed for.

Every person, who, from the facts stated in the bill, is necessarily interested in the result of the suit, or who has rights in the subject-matter to be protected, is a necessary party to the bill. If the deed from Jay Wilson to the orator, conveyed to the orator the right to take the water from the spring, through the aqueduct, to the dwelling-house conveyed by the deed, Jay Wilson has, and can have, no interest in this controversy, inasmuch as he then owned the remainder of the Burke farm, so that he had the right to make the conveyance, and has since parted with all his interest in the same. On general demurrer, the bill is sufficient in regard to parties, if the facts stated disclose one ground on which the orator is entitled to relief without additional parties. No claim is made that any additional party to the bill is required, unless Jay Wilson is such.

To the ground for relief first above stated, as we have seen, Jay Wilson is not a necessary party. Hence we think the orator's bill is sufficient as against the defendant's general demurrer.

The defendant further insists that the foreclosure of the mortgage on the remainder of the Burke farm, given by Jay Wilson to Daniel Owen, and to which the orator was made a party, is a bar to any right which the orator might have had to the spring and aqueduct. The foreclosure of this mortgage is admitted in the manner stated in the defendant's plea in bar, by the orator's demurrer thereto. At the time that mortgage was given, the orator had obtained whatever right he had to the spring and aqueduct, and was in the possession and enjoyment of the same. Wilson could and did by that deed, convey to Owen only what right he then had in the remainder of the Burke farm, and that was all Owen could acquire by the foreclosure of the mortgage. The foreclosure of the mortgage terminated the equity of redemption which Owen had in the mortgage premises at the time he executed the mortgage. By making the orator a party to the foreclosure of the mortgage, Owen obtained whatever right the orator might have acquired in Wilson's equity of redemption in the mortgaged premises subsequently to the exe-

cution of the mortgage, and nothing more. The foreclosure would not cut off any right or easement in the mortgaged premises, which the orator had acquired antecedently to the giving of the mortgage. Such antecedently acquired rights would be paramount to the mortgage, and remain unaffected by its foreclosure. Hence the plea in bar would not defeat the orator's right to relief under the bill.

The defendant further insists that the court was in error in granting a final decree on the state of the pleadings. If the defendant had elected to have treated the decree of the chancellor as interlocutory, and had asked the chancellor for leave to withdraw his demurrer, and to be allowed to answer the bill on its merits, and the chancellor had denied him that right, the question now attempted to be raised by the defendant, would have been properly before this court. The defendant has elected to treat the decree as final, and has brought the case here on an appeal. We think, as the case stands, the defendant is not strictly entitled to claim that the chancellor was in error in granting a final, instead of an interlocutory decree.

The decree of the chancellor is affirmed, and the cause remanded, with leave to the defendant to apply to the chancellor to be allowed to withdraw his demurrer, and to answer the bill on its merits.