Kinsley *v.* Scott.

---

## BINGHAM KINSLEY *v.* CHARLES A. SCOTT, CHAS. PARSONS & HARRIET L. PARSONS.

### [In Chancery.]

*Subsequent Mortgage. Deed in Fraud of Creditors. Foreclosure.* R. L. ss. 760, 4155.

A deed of land executed by a debtor to keep it from attachment, cannot be attacked by a petition under the statute to foreclose a subsequent mortgage executed by the debtor on the same land. The titles of adverse claimants cannot be litigated in a foreclosure suit.

PETITION to foreclose a mortgage. Heard on pleadings and proofs, September Term, 1885, ROYCE, Chancellor. It was decreed, *pro forma,* and without hearing, that the petition be dismissed.

The petition set forth that Charles A. Scott, on May 8, 1843, duly executed to the petitioner a mortgage deed of certain lands situated in Fletcher, in said county; that the land was a part of that set off to said Scott as one of the heirs of his father, Ira Scott; that the mortgage was conditioned that the mortgagor would keep and perform all the covenants of a deed of certain lands executed on the same day by said mortgagor to the petitioner; that an action of ejectment, in 1880, was commenced by one J. D. Scott against the petitioner, and judgment was rendered therein against the petitioner for a certain portion of said lands so deeded to the petitioner by the mortgagor; that a writ of possession was issued, etc., and that the petitioner was compelled to pay $350 for his title, and that his farm might not be badly cut up and injured. The other facts are sufficiently stated in the opinion.

*Farrington & Post*, for the petitioner.

The title of Harriet L. Parsons is fraudulent, and so not good against the mortgage in contention. There was no consideration for the deed executed by Charles A. Scott, July 7, 1842, to Guy Kinsley.

*Noble & Smith*, for the defendants.

A foreclosure suit is not the proper mode to litigate rights claimed in priority or hostility to the mortgage. *Bank* v. *Thompson*, 55 N. Y. 11; *Lewis* v. *Smith*, 9 N. Y. 514; Jones Mort. ss. 1396, 1439, 1445; WALWORTH, Chancellor, in *Ins. Co.* v. *Lent*, 6 Paige, 637.

The opinion of the court was delivered by

VEAZEY, J. This is a petition to foreclose a mortgage under the statute. The mortgage was dated May 8, 1843, and was executed by the defendant, Charles A. Scott, and conditioned that he should keep and perform the covenants of a certain other deed executed by him to the petitioner on

the same day of this mortgage. The petitioner alleged breach of the condition. He also stated that July 7, 1842, being prior to the date of the mortgage, Scott conveyed the same premises by deed to one Guy Kinsley without consideration and to shield the property from attachment by his creditors, and that the deed was duly recorded, and upon belief, that it was without the knowledge of said Guy Kinsley. Also that January 14, 1880, the latter executed a deed of said property to the defendant, Harriet L. Parsons, wife of the defendant Charles Parsons, without consideration and at the request of Scott, and that said Harriet claims title thereunder. Prayer " that the equity of redemption of the said Charles A. Scott, Charles Parsons and Harriet L. Parsons may be foreclosed agreeably to the provisions of section 760 of the Revised Laws."

In his answer said Scott admits the execution of the deed to Guy Kinsley, but denies it was without consideration or to prevent attachment, and says it was a valid, *bona fide* conveyance, upon good consideration, and mutually understood and desired by the parties.

In the answer of Charles and Harriet Parsons, they admit the execution of the deed to Harriet and claim it was upon good consideration, and without fraudulent intent, and assert the validity of the title of her grantor, Guy Kinsley, under his said deed of July 7, 1842, and deny any fraudulent purpose therein. The answers were traversed and testimony taken, and the cause was heard upon the pleadings and testimony.

As to the defendant Scott, the pleadings develop this condition, viz.: a petition to foreclose a mortgage given by him, but showing no legal title in him, and he in his answer disclaiming any equitable title; a petition to foreclose an equity of redemption which the defendant denies having.

In this State, under our foreclosure system, no personal judgment is rendered against the defendant in a foreclosure suit for any deficiency there may be after applying the prop-

erty to the debt. That in effect is reached by a subsequent suit at law upon a portion of the mortgage debt. Therefore if a mortgagor has conveyed the whole of the premises mortgaged, so that he has no interest, no equity to redeem, it has been held that he is neither a necessary, nor indeed, a proper party to the foreclosure suit. Jones Mort. s. 1404. The decree is conclusive upon the title without him. *Soule* v. *Albee*, 31 Vt. 142. But as Scott has not asked to be dismissed, we do not pass on the question as to whether he is a proper party.

The defendant, Harriet L. Parsons, took her title subsequently to the mortgage, but not subordinate to it. Her title was from Guy Kinsley, who held under a deed prior to the mortgage. The object of the petition to foreclose is to cut off all rights subsequent to the mortgage. Persons having interest prior are not necessary or proper parties to the foreclosure suit (Jones, s. 1439), except where a sale of the property may be ordered and the proceeds applied first on a prior debt. A decree of foreclosure will not be made against a defendant who holds by an older and adverse title to the mortgagor and mortgagee. *Lyman* v. *Little*, 15 Vt. 576. In Jones, s. 1440, it is stated thus: "Adverse claimants cannot be made parties to a foreclosure suit for the purpose of litigating their titles. The only proper parties are the mortgagor and mortgagee, and those who have acquired any interest from *them subsequent* to the mortgage. An adverse claimant is a stranger to the mortgage and the estate. There being no privity between him and the mortgagee, the latter cannot make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit." These propositions are well sustained by the authorities cited by the author. This is a case of adverse claimants, not a question of priority between mortgages. The Parsons in their answers set up their grounds of claim, and insisted that the petition should be dismissed for the reason that their rights could not be adjusted in this foreclosure suit.

A decree of foreclosure can be ordered against Parsons only on the ground of the invalidity of Scott's deed to Guy Kinsley. The latter not being a party, such a decree would not be conclusive as to him in any controversy between him and his grantee, Parsons. In a suit between them the judgment might be inconsistent with the decree in this case. Again, the petitioner alleges, as the ground of invalidity in the Scott deed, that it was to keep his property from attachment by his creditors. If so it was under the statute—R. L. s. 4155—a good deed between the parties, and could be attacked only by creditors in proper form of action for the purpose, not by a petition to foreclose a subsequent mortgage.

We think it is plain that this petition is not adapted to the case, and that it should be dismissed unless it is properly amended, the prayer enlarged, and Guy Kinsley made a party.

Decree *pro forma* reversed, and cause remanded, with mandate.