### JAMES W. BUZZELL *v.* EUGENE L. STILL ET AL.

*Foreclosure of junior mortgage. Effect of making superior mortgagee a party. Merger.*

1. Although the owner of a superior mortgage is made a party defendant to a suit for the foreclosure of a junior mortgage his rights will not be affected by the decree, unless the superiority of his mortgage is put in issue by the pleadings. The mere allegation in the bill that he claims an interest in the premises by deed or otherwise is not sufficient.

2. Where premises are encumbered by first, second and third mortgages, the last being by deed absolute upon its face, no merger is worked upon a transfer of the first mortgage to the third mortgagee.

Petition for the foreclosure of a mortgage. Heard upon demurrer to the bill at the December term, 1890. Ross, Chancellor, sustained the demurrer, *pro forma*, and dismissed the bill with costs. The orator appeals.

The petition alleged that on March 17, 1877, Benj. W. Still and Clarinda B. Still executed the mortgage in suit to one S. F. Frary; that the same was assigned to the petitioner on the sec-

*At an adjourned term there were present: Taft, Rowell, Start and Thompson, JJ.

ond day of November, 1878, with the indebtedness secured by it, and that such indebtedness was still due and unpaid. It then proceeded: "Your petitioner further shows that subsequently to the giving of the above named mortgage as aforesaid, and on the 17th day of April, A. D. 1877, the said Benjamin W. Still and Clarinda B. Still, duly executed to one Mrs. Mary A. Still, wife of one Don H. Still, a mortgage upon the same premises above described, and said premises in said last named mortgage were warranted free from every encumbramce except said mortgage to said Frary; that on the 30th day of October, A. D. 1878, the said Benjamin W. Still and Clarinda B. Still executed and delivered to him, the petitioner, a warranty deed, absolute in form, of said premises, but a mortgage in fact to secure this petitioner for the payment of certain debts which he then had against the said Benjamin W. and Clarinda B. and for what they might be owing him by reason of his assisting them to provisions and stuff to live on and otherwise, not included in the said Frary mortgage debt, and that in said deed to this petitioner said premises were warranted free from every encumbrance except said mortgage to said Frary "and one to Don H. Still;" that said mortgage to said Frary was duly recorded in the land records in said Strafford on the 17th day of March, A. D. 1877, and said mortgage to said Mrs. Mary A. Still was duly recorded in said land records on the 17th day of April, 1877, and that said deed to this petitioner was duly recorded in said land records on the 31st day of October, A. D. 1878. And the petitioner further shows that the said Don H. Still and his said wife Mary A. Still, brought their petition of foreclosure at the June term of the Court of Chancery, A. D. 1880, within and for the County of Orange aforesaid, against the said Benjamin W. Still and this petitioner, upon the aforesaid mortgage to Mrs. Mary A. Still, therein setting forth among other things "that one J. W. Buzzell (meaning this petitioner) of Thetford in said Orange county, claims title to the same premises by deed or otherwise," which

said last named allegation was the only allegation therein contained relative to this petitioner or his rights, title, or interest, claimed or otherwise, in and to said premises; that the prayer in said petition was that "the petitioner prays that the equity of redemption of the said J. W. Buzzell and Benjamin W. Still in the premises may be foreclosed agreeably to the provisions of the seventy-fifth section of chapter 29 of the General Statutes, and that the Hon. Court of Chancery will make such other and further order and decree in the premises as shall appear just and reasonable." That said last named petition was duly served on said Benjamin W. Still and on this petitioner and the same was entered in said Court of Chancery at said last named term thereof; that this petitioner made no answer to said petition in said court and the same was at the term A. D.       of said court taken as confessed and decree rendered in said cause for the petitioners therein against the defendants therein, including this petitioner, and the record of said decree is here referred to for more particularity as to the contents thereof. And this petitioner further shows that said premises were not redeemed in accordance with the terms of said decree and that afterwards and on the 14th day of July, A. D. 1882, the said premises were conveyed by warranty deed by said Don H. Still and said Mary A. Still to one Eugene L. Still now of said Strafford, which said last named deed was duly recorded in said land records on the 19th day of July, A. D. 1882; that on the last named date the said Eugene L. Still and his wife Clara R. Still executed to one Lucius D. Parker of said Strafford a mortgage deed of the same premises which was duly recorded in said land records on the 26th day of July, A. D. 1882."

The prayer was for foreclosure against Benj. W. Still, Eugene L. Still, Clara R. Still, and Lucius D. Parker.

*John H. Watson*, for the orator.

The mortgage to Mary Still excepted by its terms the Frary

mortgage. Hence the interest covered by the Frary mortgage never was conveyed to her at all. *Gihon* v. *Belliville White Lead Co.*, 7 N. J. Eq. 533; *Rose* v. *Page*, 2 Sim. 471; *Buchanan* v. *Balkum*, 60 N. H. 406; Jones Mort. Sec. 676; *Jerome* v. *McCarter*, 94 U. S. 734.

The owner of the Frary mortgage was not a proper party to the foreclosure of the Mary Still mortgage. Jones Mort. Sec. 1394; *Kingsley* v. *Scott*, 58 Vt. 473; *Andsley* v. *Horn*, 26 Beav. 195; *Eagle Fire Co.* v. *Lent*, 6 Paige 637; Story Eq. Pl. Sec. 193 and notes; 1 Daniel Ch. Pl. and Pr. 262.

The decree in that case is of no effect as against the owner of the prior Frary mortgage. Jones Mort. Sec. 1439; Story Eq. Pl. ss. 84, 186.

The mere fact that he was made a party to that suit will not affect his rights so long as there were no allegations in the bill to draw in question the superiority of his mortgage. Jones Mort. Sec. 1439; *Mu. Life Ins. Co.* v. *Sturges*, 33 N. J. Eq. 336; *Arnott* v. *Welch*, 46 N. J. Eq. 547; *Houghton* v. *Reynolds*, 2 Hare 264 and notes; *Dawson* v. *Danbury Bank*, 15 Mich. 489; Jones Mort. Sec. 1439; *Straight* v. *Harris*. 14 Wis. 509; *Williamson* v. *Probasco*, 8 N. J. Eq. 571; *Strober* v. *Downer*, 13 Wis. 10; *Lewis* v. *Smith*, 5 Seld. (N. Y.) 502; *Frost* v. *Coon*, 30 N. Y. 428; *Shaw* v. *Chamberlin*, 45 Vt. 412; *Carpenter* v. *Millard et al.*, 38 Vt. 9.

There was no merger. *Carpenter* v. *Gleason*, 58 Vt. 244; *Belknap* v. *Dennison*, 61 Vt. 520; *Hoppock, Ex'r.* v. *Ramsey*, 28 N. J. Eq. 417.

*J. K. Darling*, for the defendants.

The orator having been made a party to the foreclosure suit of Mary Still, is concluded by that decree. *Baldwin* v. *Howell*, 45 N. J. Eq. 519; *Bruen* v. *Hone*, 2 Barb. 586, 596 and 597; *Le Guen* v. *Governeur*, 1 John. 436, 491, *et seq.*; *Tallman* v. *Ely*, 6 Wis. 244, 257 and 258.

The opinion of the court was delivered by

ROWELL, J. The mortgage of April 17, 1877, from Benjamin W. Still and wife to Mary A. Still, warranted the premises free from every incumbrance except the Frary mortgage, of which the petitioner is assignee, and which he is now seeking to foreclose. Thus Mary A. Still had actual notice of the Frary mortgage when she took her mortgage. She also had constructive notice of it, as it was on record. Hence she took her mortgage subject to it.

The petitioner was made a party defendant in the suit to foreclose her mortgage. The only allegation in the petition in that case in respect of this petitioner's interest in the premises was, that he claimed title thereto "by deed or otherwise." He then owned the Frary mortgage and held his deed of October 30, 1878, which had been duly recorded, and which, though absolute in form, was a mortgage in fact, and inferior to Mrs. Still's mortgage. The petitioner made no answer in that case, and the petition was taken as confessed and the ordinary decree of foreclosure passed against all the defendants, and none of them redeemed, so the decree became absolute. It is now claimed that that decree bars the Frary mortgage, and that therefore the petitioner cannot have a decree of foreclosure upon it. But this is clearly not so. One holding a senior mortgage, the superiority of which is not drawn in question by the bill brought to foreclose a junior mortgage, is not divested of his prior right by the ordinary decree of foreclosure therein against him, for such right is not in issue. The clause in such decrees, that the defendant and all persons claiming under him "shall be foreclosed and forever barred from all equity of redemption in the premises," relates only to such rights and interests as are inferior to the mortgage that is foreclosed, and not to such as are superior. *Emigrant etc. Savings Bank* v. *Goldman,* 75 N. Y. 127; *Lewis* v. *Smith,* 9 N. Y. 502; 61 Am. Dec. 706; *Strobe* v. *Dow-*

*ner,* 13 Wis. 10 ; 8 Am. Dec. 709, and note; *Shaw* v. *Chamber-lin,* 45 Vt. 512; *Bowne* v. *Page,* 2 Tyler, 392.

The effect of the decree foreclosing the Mary A. Still mortgage was, to cut off the equity of redemtion as to the defendant's inferior rights in the premises, and thereby to convert the conditional title conveyed by that mortgage into an absolute title ; but in all other respects the rights under that mortgage thus made absolute were left to be determined by the deed itself. It then stood just as it would have stood had the mortgage been an absolute deed in the first place ; *St. Johnsbury & Lake Champlain R. R. Co.* v. *Willard,* 61 Vt. 134; and had it been an absolute deed in the first place, it would have conveyed nothing as against the Frary mortgage but the equity of redemption, for that was all the mortgagors had to convey.

The defendants claim a merger and that the defendant Eugene Still is a *bona-fide* purchaser without notice. But there is nothing in the petition to show a merger, as is abundantly shown by the law of merger as laid down in *Carpenter* v. *Gleason,* 58 Vt. 244.

Neither is there anything alleged on which said Still can stand as a *bona-fide* purchaser without notice.

*Decree reversed, demurrer overruled, petition adjudged sufficient, and cause remanded.*