JOHN Q. HASKELL'S ADMR. *v.* J. H. HOLT, CLARA E. HOLT and W. C. DANIELS.

May Term, 1903.

Present: TYLER, MUNSON, START, STAFFORD and HASELTON, JJ.

Opinion filed August 12, 1903.

*Junior mortgage—Foreclosure—Effect—Witness—Competency.*

The priority of a superior mortgage is not affected by an ordinary decree of foreclosure in a suit against the holder in favor of a junior mortgagee.

In a petition for foreclosure brought by an administrator, the defendant is not a competent witness to prove the declarations of the decedent.

The widow of the decedent was a competent witness, it not appearing that she testified to confidential matters.

APPEAL IN CHANCERY.    Heard on the report of a special master and defendant Daniels' exceptions thereto, at the September Term, 1902, Washington County, *Watson,* Chancellor.    Decree for the petitioner.    Defendant Daniels appealed.

*T. J. Deavitt* and *J. G. Wing* for the defendant.

The former decree is conclusive. If Haskell lost his day in Court it was through his own fault, and equity will not relieve him. *Hyde* v. *Hyde,* 50 Vt. 301; *Durkee* v. *Durkee,* 59 Vt. 70; *Kopper* v. *Dyer,* 59 Vt. 477.

A judgment is conclusive not only as to all questions decided, but as to all questions that might have been decided. *Stratton* v. *Lyons,* 53 Vt. 130, 641; *Paine* v. *Slocum,* 56 Vt. 504.

Daniels could testify to the matters offered since they referred to a contract originally made with a person who is living and competent to testify.

Mrs. Haskell must have obtained the facts given in her testimony from her husband, and was therefore incompetent. V. S. 1240.

*J. P. Lamson* for the petitioner.

The original foreclosure lapsed. And if not, the decree therein does not affect the rights of the prior mortgagee.

Daniels was not a competent witness. V. S. 1238, 1239.

It does not appear that the widow testified to confidential matters, so she was competent.

START, J. The petition is for the foreclosure of a mortgage, executed by defendant Holt and his wife to the petitioner's intestate, John Q. Haskell. Defendant Daniels, as holder of a subsequent mortgage upon the same premises, brought a petition to foreclose his mortgage, returnable at the September Term, 1897, of the Court of Chancery in and for the County of Washington, making Holt and Haskell defendants thereto, charging, among other things not material upon the issue in this cause, that Haskell claimed some right or interest in the premises thereby sought to be foreclosed, by virtue of a mort-

gage given prior to defendant Daniel's mortgage, then in suit, and upon information and belief charging that Haskell's mortgage had been paid, but, if not paid, praying that the amount due thereon be ascertained and he be allowed to redeem. In that suit no appearance was entered by either of the defendants, and the usual decree of foreclosure was entered upon the docket, bill taken as confessed and decree for petitioner, with one year's redemption. The attention of the Court was not directed to the fact that the petitioner asked to redeem a prior mortgage, and no special order was made with reference to ascertaining the sum due upon the prior mortgage indebtedness. Daniels procured a master's report of the indebtedness of Holt to him, according to the usual practice, but no proceedings were had to ascertain whether there was anything due to Haskell upon his prior mortgage. No decree having been drawn up and signed by the Chancellor at the March Term, 1899, upon a stipulation signed by defendant Holt, without notice to or knowledge on the part of Haskell, the case was brought forward upon the docket of the Court, and a degree entered according to the stipulation. The decree that was then drawn up and signed by the Chancellor recites that, at the March Term, 1899, the cause was brought forward upon the docket, and a decree rendered for the orator, by agreement of the parties, upon said note and mortgage, as by said report and agreement on file appears. It appears from the agreement thus referred to in the decree, that Haskell was not a party to it. It thus appearing that he was not a party to the agreement under which the former petition was brought forward upon the docket of the Court at its March Term, 1899, and a decree entered according to a stipulation signed by Holt only, the petitioner's rights cannot be determined by that decree, but must be determined under the decree of the September Term,

1897, which was an ordinary decree of foreclosure. The decree thus entered being an ordinary decree of foreclosure, it had the effect only to bar the defendant's equity of redemption in the premises; but this did not affect Haskell. His right in the premises was not an equity of redemption. He was, at the time the decree was entered, the owner of the premises, subject only to the right of Holt and Daniels to redeem the premises by paying the debt secured by his mortgage; therefore, the decree, which only barred the equity of redemption, did not affect his prior right in the premises. *Carpenter* v. *Millard*, 38 Vt. 9; *Shaw* v. *Chamberlin*, 45 Vt. 512; *Kinsley* v. *Scott*, 58 Vt. 470, 5 Atl. 390.

In *Buzzell* v. *Still*, 63 Vt. 490, 22 Atl. 619, 25 Am. St. Rep. 777, the petitioner, while holding a deed which though absolute in form was a mortgage in fact upon the premises, was made a defendant to a petition brought to foreclose a subsequent mortgage given by the equitable owner upon the same premises, wherein it was charged that he claimed title to the premises by deed or otherwise. He made no answer, the petition was taken as confessed, the ordinary decree of foreclosure passed against all the defendants, none of them redeemed and the decree became absolute; and it was held, that the clause in such decree, that the defendant and all persons claiming under him "shall be foreclosed and forever barred from all equity of redemption in the premises" relates only to such rights and interests as are inferior to the mortgage that is foreclosed, and not to such as are superior; that the effect of the former decree of foreclosure was to cut off the equity of redemption as to the defendant's inferior rights in the premises, and thereby to convert the conditional title conveyed by the mortgage into an absolute title; but that in all other respects the rights under the mortgage thus made absolute were left

to be determined by the deed itself. In view of this holding, further discussion of the effect of the prior decree upon the rights of Haskell under his mortgage is unnecessary.

In so far as appears from the record, there was no error in the rulings of the master upon questions of evidence. Mr. Haskell being dead, and the suit in the name of his administrator, defendant Daniels was not a competent witness to prove Haskell's declarations. V. S. 1238. The declarations of defendant Holt were hearsay evidence, and not admissible in favor of defendant Daniels. Mr. Haskell being dead, Mrs. Haskell was a competent witness, and it not appearing that she testified to any declarations made to her by her husband in confidence, or otherwise, error does not appear. *Re Buckman's Will,* 64 Vt. 313, 33 Am. St. Rep. 930.

*Decree affirmed and cause remanded.*

