ROBERT J. ROBERTS ET AL. *v.* W. H. HUGHES COMPANY ET AL.

January Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 14, 1913.

*Mandate — Construction — Foreclosure of Mortgage—Decree—*
*Right to Redeem—Discretionary Award of Costs—Motion*
*to Dismiss Appeal—Waiver—Receivers—Appointment—*
*Jurisdiction of Supreme Court—Law of the Case—Second*
*Appeal.*

Where a junior security is foreclosed, the holders of a senior security
are not, ordinarily, affected, though they are mentioned in the
decree.

On reversal of a foreclosure decree, with mandate "that the orators
have a decree of foreclosure in accordance with their several
interests and rights as herein determined," it was within the
discretion of the court of chancery to decree a strict foreclosure
of the mortgages instead of a foreclosure sale, though the mandate
also provided that a designated bond issue was prior to the rights
of the orators, but made no provision for the protection of the
bonds.

In a suit to foreclose a mortgage on property afterward conveyed to
a corporation organized to operate the property, where it appeared
that 1,860 of 2,500 shares of stock were subordinate to the rights
of the orators, while the other 640 shares were superior thereto,
the decree of strict foreclosure erroneously permitted the corpora-
tion to redeem, because, if it should do so, the holders of the 640
shares would be compelled to contribute to that redemption, which
would inure to the sole benefit of the 1,860 shares.

It is seldom that a junior mortgagee will be compelled, as a condition
of a decree of foreclosure in his favor, to pay a lien that is
superior to his, and, where no cross-bill is filed, a decree of strict
foreclosure need make no disposition of a lien superior to that of
the orators, other than to declare that superiority.

Where the various issues in a proceeding to foreclose a mortgage were
so determined that the allowance of costs called for the exercise

of discretion by the court of chancery, an allowance ·of costs to the orator will not be reviewed on appeal.

Where a motion to dismiss an appeal in chancery is not argued it will not be considered.

This Court sits only as a court of error in ·chancery appeals, and so cannot therein appoint a receiver.

On a second appeal in chancery of the same case, the question of whether a different mandate should have been sent down on the first appeal will not be considered.

APPEAL IN CHANCERY, Rutland County, September Term, 1912, *Stanton*, Chancellor. Heard on the form of a final decree to be made in accordance with mandate of the Supreme Court as reported in 86 Vt. 76. From the final decree rendered the defendants appealed. The opinion states the .case.

*T. W. Moloney* and *H. L. Clark* for the orators.

*J. B. McCormick* and *Clarke C. Fitts* for the defendants.

HASELTON, J. This is a petition for the foreclosure of mortgages upon certain quarry· lands and interests in the towns of Pawlet and Wells in this State. As the case now stands the orators are Robert J. Roberts, Ann Roberts, and Sarah. Hughes. The defendants are the W. H. Hughes Company, E. R. and James E. Norton, and the Farmers National Bank of Granville, New York.

The cause was heard in the court of chancery for Rutland county on the report ,of a special master and a decree of strict foreclosure was rendered.

The cause was brought to this Court on appeal and after hearing the decree was reversed and the cause was remanded with a mandate that the orators have a decree of foreclosure in accordance with their several interests and rights as determined in this Court, 86 Vt. 76, 83 Atl. 807. Thereupon the court of chancery,· upon· consideration, rendered another decree of strict foreclosure in favor of the orators and the case is now here on an appeal by the defendants from the latter decree.

The mandate was ''that a decree be entered adjudging ·that as against the W. H. Hughes Company the conveyances of W. H. Hughes to the orators are an incumbrance prior to his

deed to said company; that eighteen hundred and sixty (1,860) shares of the stock of the W. H. Hughes Company are held subject to the rights of the orators; that the trust deed of the W. H. Hughes Company and the bond issue of $32,000 are prior to the lien of the orators, but that as to the orators the bonds subsequently issued are invalid; that the orator Robert J. Roberts is estopped from asserting this invalidity as against the $10,000 loan; that the oratrix Ann Roberts has a separate interest of $2,550 in the decree; and that the orators have a decree of foreclosure in accordance with their several interests and rights as herein determined.''

The explanation of the references in the mandate is found in the opinion already referred to.

The defendants claim that under the mandate the decree should have been for a foreclosure sale and for the distribution of the proceeds thereof according to the equities of the parties, and they claim this on the ground that in no other way can the equitable rights of the various parties in interest be safeguarded. A foreclosure sale is not wholly unknown in this State though strict foreclosure is the rule here.

It may be unwarranted to say that in sending down the mandate for foreclosure this Court in terms confined the court of chancery to rendering a decree of strict foreclosure, but to say the least, this Court left it in the discretion of the court of chancery to decree a strict foreclosure and so the latter court has not departed from the mandate in respect to the form of the foreclosure decreed. P. S. 1296; *Gale* v. *Butler,* 35 Vt. 449; *Wood* v. *Adams,* 35 Vt. 300; *Herrick's Admr.* v. *Teachout,* 74 Vt. 196, 202, 52 Atl. 432; *Sargent* v. *Baldwin,* 60 Vt. 17, 13 Atl. 854.

The defendants call attention to the fact that our statute providing for the foreclosure of mortgages on petition in simple form expressly provides that a person may proceed by bill. But this does not affect the question for the English practice of proceeding by bill which prevailed here until 1852, looked in general to strict foreclosure, and our statute was intended merely to restrict costs and prevent prolixity. So when in 1852, the statute in question was enacted, it was entitled ''an act to diminish the expenses of foreclosing mortgages in equity,'' and foreclosure on petition in the simple form provided was made equivalent to what was termed ''the prolix and expensive mode

of foreclosing mortgages by bill in equity." Acts of 1852, No. 12.

The opinion of this Court and the mandate sent down set out that a certain bond issue of $32,000 secured by a trust deed is prior to the lien of the orators. So no decree of foreclosure in favor of the orators can affect these underlying bonds; and the decree of the court of chancery, which we are reviewing, expressly excepts these bonds from the operation of the decree. This obviously is to prevent misunderstanding, for when a junior security is foreclosed the holders of a senior security are not ordinarily affected though they are not mentioned in the decree.

The defendants say that the decree makes no provision for the protection of the $32,000 of bonds. But the law and the decree provide their protection by preserving the priority of their security.

The mandate and opinion are to the effect that the rights of 1,860 of the shares of the stock of the company are subordinate to the rights of the orators. The language used arose out of the holding made obvious throughout the opinion, that the interest of the stockholders must be distinguished from the interest of the corporation. The opinion is to the effect that, so far as appears, the remaining shares of stock, 640 in number, are not subject to the rights of the orators. The result is that they cannot be required to contribute to the redemption of the orators' lien. The first clause of the decree permitting the W. H. Hughes Company, as such, to redeem permits a part of the burden of redemption to be thrown upon a minority of the stockholders whose rights are not subordinate to those of the orators and the value of their shares to be thus diminished and this cannot be required. The decree of foreclosure should not have prejudiced the rights of the *bona fide* stockholders not affected by the orators' mortgage and in doing so it departed from the meaning and intent of the mandate.

If the Hughes Company, as such, is let in to redeem and does redeem the shareholders without notice whose interest is not subject to the lien of the orators will of necessity be compelled to contribute towards the payment of other peoples' debts. This they cannot be compelled to do. The defendants distinctly make this claim and their position in that regard is impregnable.

The division of the stockholders into two classes, those with notice, and those without, those affected by the orators' mort-

gage and those not, makes it impracticable to treat the W. H. Hughes Company as a distinct entity in the decree of foreclosure.

This is one of those cases where the courts must, to quote from the opinion, "look behind the corporation to the individuals composing it." The matter is fully discussed in the opinion in this case. See 86 Vt. 76, 88, 89, 90 and 91, 83 Atl. 807.

The mandate casts the burden of redemption upon the holders of the 1,860 shares so that it is necessary for them to redeem to be put on a footing with the minority and *bona fide* shareholders, and under the mandate, if there is no redemption the minority or *bona fide* stockholders are not foreclosed out of their proportionate interest in the property.

The defendants' brief discusses somewhat the matter of a decree which will protect the Farmers National Bank in respect to its holding of invalid bonds issued subsequently to the $32,000 issue and taken with notice of their invalidity. It is enough to say here that as regards the orators, other than Roberts, the bank has in respect to such bonds not an inferior lien but no lien. Because Roberts is estopped to assert the invalidity of the $10,000 issue of bonds, that issue constitutes a lien superior to his, but since this is a strict foreclosure, no decree need be made as to this lien of the bank. Since there is no cross bill, it is sufficient that the status of the lien as superior to that of Roberts be adjudicated as it has been in the decision of this Court, and it accords with good practice to go no further. By a decree in accordance with the mandate this lien will stand unaffected so far as it exists, will no more be affected than will the lien in favor of the bond issue of $32,000. *Davis* v. *Davis*, 81 Vt. 259, 69 Atl. 876, 130 Am. St. Rep. 1035; *Haskill* v. *Holt*, 75 Vt. 413, 56 Atl. 99; *Buzzell* v. *Still*, 63 Vt. 490, 22 Atl. 619, 25 Am. St. Rep. 777; *Ward* v. *Seamore*, 51 Vt. 320; *Shaw* v. *Chamberlin*, 45 Vt. 512; *Carpenter* v. *Millard*, 38 Vt. 9; *Simonds* v. *Brown*, 18 Vt. 231.

It is seldom that the circumstances are such that a junior mortgagee is compelled, as a condition of a decree of foreclosure, to pay off a lien which has priority over his.

The defendants in oral argument urge that the decree is wrong in that it decrees costs to the orators. But, as the various issues were determined, the matter of costs called for the exercise of the discretion of the court of chancery, and it is to be

presumed that they were awarded in the exercise of that discretion. *Doty* v. *Village of Johnson,* 84 Vt. 15, 77 Atl. 866; *Mead* v. *Owens,* 83 Vt. 132, 74 Atl. 1058.

In this Court the orators moved for a dismissal of the appeal but did not argue the motion and we give it no consideration. They further moved for the appointment of a receiver of the property in question and this motion they somewhat discussed. But this Court sits only as a court of error in chancery appeals and so is without authority to appoint a receiver. *Dietrich* v. *Hutchinson,* 73 Vt. 134, 50 Atl. 810, 87 Am. St. Rep. 698.

The mandate directed that the orators have a decree according to their several interests as determined in the opinion. No claim is made but that these interests are correctly computed in the decree. In this respect, in respect to costs, and in respect to strict foreclosure the decree is affirmed. Interest will of course need to be computed anew and a new time, or new times, of redemption to be fixed.

In respect to the main matter of redemption the decree is reversed, and it is directed that a decree be rendered that unless the owners of the 1,860 shares of stock held with notice and subject to the lien of the orators, pay to the clerk of the court for the benefit of the orators according to their respective interests, the sums to be computed by the court of chancery and set forth as their respective interests, within a time, or within times, to be fixed by the court of chancery, the owners of such 1,860 shares and all persons claiming under them be foreclosed and forever barred from all equity of redemption in the premises.

To prevent misapprehension let the decree set out not only the prior and unaffected rights of the holders of the $32,000 issue of bonds, but also the prior and unimpaired lien of the Farmers National Bank on the interest of Roberts in the premises. Such a decree will be a full compliance with the mandate. The question of whether a different mandate should have been sent down is not open for discussion. *Bell's Admr.* v. *St. Johnsbury etc. R. Co.,* 85 Vt. 240, 247, 81 Atl. 630.

Let the defendants be allowed their costs on this appeal, since the appeal was necessary to a decree in compliance with the mandate.

*Cause remanded.*